Denise F. DELAVIGNE, Appellee,

v.

Dorsey H. DELAVIGNE, Jr., Appellant.

No. 75–2203.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 4, 1975.

Decided Jan. 26, 1976.

Leonard J. Kerpelman, Baltimore, Md., for appellant.

Earle D. Goss, Bethesda, Md., for appellee.

Before WINTER and FIELD, Circuit Judges, and MERHIGE,* District Judge.

WINTER, Circuit Judge:

In a divorce action sought to be removed to the district court, the husband (defendant in the state court) appeals from an order of remand. Removal was sought under 28 U.S.C. § 1443(1) on the ground that sex discrimination would preclude the husband from receiving a fair trial in the state court.[1] We affirm.

## I.

In the state courts of Maryland, plaintiff and defendant each instituted separate actions against the other for divorce. We are concerned only with the wife's suit against the husband, instituted in the Circuit Court for Montgomery County, Maryland, in which she prayed a partial divorce from the husband, temporary and permanent alimony for herself, custody of the couple's two minor natural children, custody of their two minor

---

* Robert R. Merhige, Jr., United States District Judge for the Eastern District of Virginia, sitting by designation.

1. Under 28 U.S.C. § 1447(d), an order of remand is not appealable unless it remanded a case sought to be removed under 28 U.S.C. § 1443. Since the husband sought removal on the basis of § 1443, the order of remand in this case may be reviewed.

adopted children, temporary and permanent support for the children, attorney's fees, etc.

By his petition filed July 11, 1975, the husband sought to remove the action to the district court. He alleged solely that removal was authorized by 28 U.S.C. § 1443 because (a) "Maryland statutory and common law as interpreted and enforced in the courts of Montgomery County prefers females and is discriminatory in favor of females in the division of property, award of maintenance, child support *custody particularly* [emphasis in original] and attorney's fees, thereby depriving male persons of the equal protection of the laws," (b) "discrimination based on sex is regularly engaged in and practiced in domestic relations cases within the venue of Montgomery County . . . to the detriment of male litigants," and (c) "in Montgomery County . . . men are exceedingly infrequently awarded custody of minor children; amounts of support required of men for the support of minor children are substantially more than amounts required of persons in like circumstances in other areas of the state, or from women . . .; alimony is more frequently awarded in favor of women . . . and has never been awarded there against women;" and the Maryland Equal Rights Amendment is ignored, as is the Maryland case law "requiring proportionate contributions toward support of children by both men and women."

Husband's counsel immediately sent a notice of removal to counsel for the wife, with a copy to the clerk of the state court. Although the notice recited that it was accompanied by a copy of the petition for removal, for an unexplained reason a copy of the petition was not sent to the clerk of the state court and was not filed in the state court until September 8, 1975. The omission is significant because 28 U.S.C. § 1446(e) requires, *inter alia*, that promptly after the filing of a petition for removal, the defendant "shall file a copy of the petition with the clerk of [the] State court, which shall effect the removal," at which point "the State court shall proceed no further unless and until the case is remanded."

The wife moved to remand on July 28, 1975, but her motion was not reached for hearing until September 30, 1975. In the interim the state proceedings went forward. By letter dated July 23, 1975, husband's counsel wrote to the state court clerk, in response to a notice of hearing, that the case had been removed and therefore the state court lacked authority to conduct further proceedings. A similar letter was written to the state judge under date of August 14, 1975. The domestic relations examiner to whom the case was assigned at its early stages was apparently of the view that a removal was not effective until the district court entered a formal order of removal and served it on the state court. He proceeded with the case, as did the state judge to whom husband's counsel had written. Later, in response to an inquiry made by the district court when it was asked to enjoin the state proceedings, the state judge advised that he would stay proceedings when a copy of the petition for removal was filed, and this occurred on September 8, 1975. However, husband refused to participate in the state court proceedings conducted after the date that he filed his petition for removal in the district court, and it appears that the state court decided a substantial part, if not all, of his case before the district court granted the wife's motion to remand.

After filing his petition for removal, husband made several abortive attempts to persuade the district court to enjoin the state court proceedings. He then moved for a declaratory judgment that the state court proceedings were invalid because he had substantially complied with the notice provisions of 28 U.S.C. § 1446(e) and the jurisdiction of the state court was ousted. When wife's motion to remand and husband's motion for declaratory relief came on for hearing, the district court remanded the case to the state court. It held that the case was not removable because 28 U.S.C. § 1443 did not authorize removal on an allegation of discrimination based on sex and not race. It also declared that husband's purported removal was not effec-

tive until September 8, 1975, when he filed a copy of his petition with the state court, and therefore the state court did not lose jurisdiction prior to that date. Husband made a second effort to persuade the district court to vacate a state court order awarding custody of the children and support *pendente lite*, but the district court adhered to its original rulings.

## II.

We consider first whether husband had a right to remove the case under 28 U.S.C. § 1443.[2] We think that for two reasons he did not.

Section 1443 is broad in its sweep, but its meaning was narrowed in *City of Greenwood v. Peacock*, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966). *Greenwood* was a case in which it was alleged that the parties seeking removal (defendants in a state court prosecution) were being prosecuted under invalid state laws and that the prosecutions were initiated by state officials with the bad motives of harassment and racial discrimination. Removal was denied because the Court held that (a) the alleged motives of state administrative officials were insufficient to support removal, and (b) no reason was alleged why the invalidity of the state statutes could not be established in the state courts, or in, the Supreme Court of the United States on appeal, or by federal habeas corpus. Calling attention to the language of § 1443 which allows removal only when a person is "denied or cannot enforce" a federal right "in the courts of [the] State," the Court stated: "Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can clearly be predicted by rea-

son of the operation of a pervasive and explicit state or federal law that those rights will *inevitably* be denied by the very act of bringing the defendant to trial in the state court." 384 U.S. at 828–29, 86 S.Ct. at 1812. (Emphasis added.)

■ Husband's allegations to support removal do not meet that test. His allegations of discrimination on the basis of sex are all confined to the jurisdiction of Montgomery County, Maryland, and the Circuit Court for Montgomery County. Montgomery County is not the entire state of Maryland; nor is the Circuit Court for Montgomery County the entire judicial system of the State of Maryland. Decisions of that Circuit Court are reviewable, as of right, by the Maryland Court of Special Appeals, and, by certiorari, by the Maryland Court of Appeals. Husband makes no allegations that either of these two reviewing courts practice sexual discrimination. We decline to suppose that they do, so that even if husband's allegations about the Circuit Court are accepted as true, husband has failed to allege that his federal rights cannot be redressed at the appellate level in the Maryland judicial system. Section 1443(1) has thus not been satisfied.

■ Section 1443(1) is inapplicable for another reason. Husband argues that discrimination because of sex violates "a right under any law providing for the equal civil rights of citizens of the United States." But *Georgia v. Rachel*, 384 U.S. 780, 792, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966), and *Johnson v. Mississippi*, 421 U.S. 213, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975), both treat § 1443(1) as confined to laws providing for specific civil rights stated in terms of *racial* equality. Because of the historical context in which the predecessor statute of § 1443(1)

**2.** 28 U.S.C. § 1443:

Any of the following civil actions or criminal prosecutions commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a

right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

was enacted, as discussed in *Georgia v. Rachel,* we reject husband's novel argument that sexual discrimination is a species of racial discrimination.[3]

### III.

■ While the district court correctly ordered remand, it also declared when removal was effective.[4] The declaratory judgment should not have been given.[5]

As we have shown, jurisdiction to remove did not exist under § 1443(1). Husband does not allege diversity of citizenship between the parties, nor does he allege federal question jurisdiction in a case in which the amount in controversy exceeds $10,000.[6] He thus alleges no other basis for federal jurisdiction.[7]

■ The Federal Declaratory Judgment Act, 28 U.S.C. § 2201, authorizes a federal court to give a declaratory judgment only with respect to "a case of actual controversy *within its jurisdiction*" (emphasis added). It is axiomatic that the Act does not supply its own jurisdictional base, and where jurisdiction is lacking, declaratory relief should be denied. *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); 6A Moore's Federal Practice ¶ 57.23 (1974). The declaration of the district court as to the effective date of removal is therefore va-

3. Husband's argument is that race is a generic term and can be applied to any group of people, including the male sex. He cites the following quotations:

"Chiefs, who no more in bloody fights engage . . . [a] bloodless race . . . ." Homer, Iliad.

"[T]he race of politicians . . . ." Swift, Gulliver's Travels, Voyage to Brobdingnag.

"Californians are a race of people; they are not merely inhabitants of a state." O. Henry, Strictly Business, A Municipal Report.

"The Italian race is a race of sheep." Mussolini.

"A tough, but nervous, tenacious, but restless race [the Yankees]." Samuel Eliot Morison, Maritime History of Massachusetts.

"[T]he human race." Don Marquis, Archy's Life of Mehitabel.

The district judge pointed out that the Oxford English Dictionary definition of "race" II, 8, b, gives "one of the sexes" as one meaning of the term, quoting Spenser, Steele and Pope.

4. The consequence of a decision as to the date removal was effective was to decide the validity of the state court proceedings taken while the removal petition was pending. *South Carolina v. Moore,* 447 F.2d 1067 (4 Cir. 1971). While there is no evidence of bad faith on the part of husband in seeking to remove this case, the potential for abuse of the removal statute is always a matter of concern. *South Carolina v. Moore, supra.*

5. While we express no view as to the correctness of the district court's decision on this point, we note that in a similar situation the Second Circuit found substantial compliance with the removal statute where a copy of the removal petition was handed to the judge rather than filed with the clerk as literally required. *United States ex rel. Echevarria v. Silberglitt,* 441 F.2d 225, 227 (2 Cir. 1971). Its reasoning was that the purpose of the require-

ment that a copy of the removal petition be filed with the state court is to give that court notice of the removal so that it can stay its proceedings and thereby avoid duplicitous and possibly inconsistent results in the same case, and that that purpose had been achieved where the state court had actual notice of the removal. *See generally* 1A Moore's Federal Practice ¶ 0.168[3.—8] at 505–08 (1974). In the instant case, it could be argued that the domestic relations examiner and the state trial judge had actual notice of the removal before proceeding to decide the case, and that the Second Circuit's doctrine of substantial compliance might therefore be applied.

6. Since husband alleges neither diversity nor federal question jurisdiction, we have no occasion to consider the subject matter jurisdiction of a federal court over a divorce action. *See* 1A Moore's Federal Practice ¶ 0.201 n. 62 (1974).

7. Pendent jurisdiction is sometimes available to permit a court to hear a federal claim which does not meet the jurisdictional amount when joined with another federal claim otherwise properly before the court, provided the two claims constitute one "case." *Hagans v. Lavine,* 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974); *see United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). *See generally* 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3567 (1975). However, if the federal claim to which the pendent claim is sought to be joined is "too insubstantial to be the basis for federal question jurisdiction, there can be no pendent jurisdiction of other claims." Wright, Miller & Cooper, *supra,* at 444. We conclude that since we affirm the remand for lack of federal jurisdiction under 28 U.S.C. § 1443, the district court had no pendent jurisdiction to decide the declaratory judgment claim.

cated. At most, it was dictum and should be disregarded.

Affirmed.