**Everette W. NOEL et al., Appellees,**

v.

**Thomas C. McCAIN, Appellant.**

No. 75–2173.

United States Court of Appeals, Fourth Circuit.

Argued March 30, 1976.

Decided Aug. 4, 1976.

Neil Bradley, Atlanta, Ga. (Laughlin McDonald, Atlanta, Ga., Armand Derfner, Charleston, S.C., Melvin L. Wulf, New York City, on brief), for appellant.

W. Ray Berry, Columbia, S.C. (J. Roy Berry, Johnston, S.C., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, and WINTER and BUTZNER, Circuit Judges.

BUTZNER, Circuit Judge:

Thomas C. McCain appeals from an order of the district court remanding to a South Carolina court seven libel cases in which he is the defendant. We conclude that, insofar as the order is appealable, the district court properly found no federal jurisdiction, and we affirm the remand order.

McCain, a leader in efforts to integrate the Edgefield County, South Carolina, school system, distributed a pamphlet charging the school board with discrimination in hiring teachers and principals and in suspending students. The school board, McCain wrote, violated federal law and then filed false reports, all of which resulted in the loss of funds and programs. The members of the board responded by filing libel suits in the Court of Common Pleas of Edgefield County. McCain removed the cases to federal court, asserting two grounds for jurisdiction. He alleged that the cases were removable under 28 U.S.C. § 1441(a),[1] because they raise federal questions, and also under 28 U.S.C. § 1443(1),[2] because they deprive him of rights secured by federal civil rights statutes. The district court remanded the cases to the state court, and McCain appealed.

I

A preliminary issue is whether the order of remand can be appealed. Title 28 U.S.C. § 1447(d) provides:

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise."

This statute denies appellate courts jurisdiction to review an order remanding a case because it does not raise a federal question as required by § 1441(a). *See Pennsylvania ex rel. Gittman v. Gittman*, 451 F.2d 155 (3d Cir. 1971); 14 Wright, Miller & Cooper, Federal Practice and Procedure § 3740

(1976). Jurisdiction to review remand of a § 1441(a) removal is not supplied by also seeking removal under § 1443(1). *Appalachian Volunteers, Inc. v. Clark*, 432 F.2d 530, 534 (6th Cir. 1970). Therefore, we dismiss this appeal for lack of jurisdiction insofar as it seeks review of the order remanding the cases for failure to raise federal questions. Consequently, we express no view on whether they present federal questions within the meaning of 28 U.S.C. § 1331.

Section 1447(d) expressly authorizes review of an order remanding a case that has been removed pursuant to 28 U.S.C. § 1443(1). We will, therefore, turn to a consideration of this issue.

II

To remove a case from a state court under 28 U.S.C. § 1443(1), a defendant must show (1) that he is being deprived of rights guaranteed by federal laws protecting against racial discrimination and (2) that "it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Greenwood v. Peacock*, 384 U.S. 808, 828, 86 S.Ct. 1800, 1812, 16 L.Ed.2d 944 (1966); *Georgia v. Rachel*, 384 U.S. 780, 792, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966). The district court concluded that McCain had fulfilled the first requirement for removal but held that he had not established his inability to enforce his rights in state court. Because we agree with the district court that McCain has not met the second requirement for removal, we need not examine the ade-

---

1. 28 U.S.C. § 1441(a) provides:

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

2. 28 U.S.C. § 1443(1) provides:

"Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof. . . ."

quacy of his petition with respect to the first.

McCain argues that in itself the pendency of the libel suits in state court violates his federally protected right to criticize racial discrimination by the school board. He contends that the burden of defending himself is a denial of the protection afforded by federal civil rights laws. He specifically relies on 20 U.S.C. § 1703, which prohibits the denial of equal educational opportunity because of race; 42 U.S.C. § 1985(2), which creates a cause of action for obstructing justice; 42 U.S.C. §§ 2000a–2000a–2, which prohibit racial discrimination in state activities and public accommodations; 42 U.S.C. § 2000d, which forbids racial discrimination in federally funded activities; and 42 U.S.C. § 2000e–3(a), which prohibits retaliation against employees who complain of discrimination. Additionally, he asserts that the suits were brought in bad faith to harass him and that they may remain hanging over his head without coming to trial. He alleges that he was previously unable to enforce his rights in the Circuit Court of Edgefield County, where the school board obtained an ex parte order restraining his protest activities against the school board. The order was dissolved only after he sued the board in federal court. McCain argues that this experience with the state court illustrates his inability to enforce his rights there.

■ None of the federal laws on which McCain relies immunizes the publication of defamatory pamphlets about public officials. Therefore, the pendency of the libel suits does not inherently conflict with these federal laws. In the absence of such a conflict, McCain cannot establish that the pendency of the suits in itself prevents him from enforcing his federally secured civil rights in state court. Consequently, the pendency of the suits does not, without

more, authorize removal under § 1443(1). *Greenwood v. Peacock*, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966).

■ Nor do McCain's allegations that he cannot receive a fair trial, though buttressed by his previous experience in the Circuit Court of Edgefield County, establish a right to remove. In *Greenwood*, 384 U.S. at 827, 86 S.Ct. at 1812, the Supreme Court addressed this issue, saying, "It is *not* enough to support removal under § 1443(1) to allege or show . . . that the defendant is unable to obtain a fair trial in a particular state court." If the members of the board fail to prosecute their suits, McCain can seek dismissal under well established South Carolina procedures.[3]

■ Our affirmance of the order of remand does not suggest that, if the allegations of McCain's petition for removal are true, his criticism of the school board is unprotected by federal law or that he lacks a federal remedy. The first and fourteenth amendments assure him broad rights to criticize public officials about racial discrimination in the performance of their duties. *See New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). Section 1443(1), however, does not provide a remedy for vindicating the first amendment's right of free speech. *Greenwood*, 384 U.S. at 825, 86 S.Ct. 1800. Under our system of federalism, his right to criticize public officials within the confines of *New York Times Co., supra*, can be vindicated in the state trial or appellate courts, which, no less than their federal counterparts, are charged with enforcing constitutional rights. If the state courts should rule erroneously, *Greenwood* emphasizes that the "obvious remedy" is vindication of the federal claim on direct review by the Supreme Court. 384 U.S. at 828, 86 S.Ct. 1800.

The judgment of the district court is affirmed.

---

3. South Carolina Rule 82 provides:

"Whenever a case has been docketed by the Clerk for six terms of Court without being tried, the Clerk shall not docket the case again without order of the Court obtained after notice to all parties concerned. If it appears to the Court that there has been no opportunity to try the case, the motion shall be granted as a matter of right and the case shall retain its place on the Calendar, but if it appears that the case could have been reached, it may only as a matter of discretion be restored, and then only at the foot of the docket."