CITY OF WINSTON–SALEM, Plaintiff,

v.

CHAUFFEURS, TEAMSTERS & HELPERS LOCAL UNION NO. 391, R. V. Durham, Individually and as President of Local 391, and Christopher Scott, Individually and as Director of Research, Legislation and Communications of Local 391, Defendants.

No. C–79–220–G.

United States District Court, M. D. North Carolina, Greensboro Division.

April 16, 1979.

Roddey M. Ligon, Jr., Guy F. Driver, Jr., and Robert L. Quick, Winston-Salem, N. C., for plaintiff.

William G. Pfefferkorn, Jim D. Cooley, and J. Wilson Parker, Winston-Salem, N. C., for defendants.

## ORDER OF REMAND

GORDON, Chief Judge.

On April 13, 1979, the United States Magistrate's Findings and Recommendation was filed and notice was served on the parties pursuant to 28 U.S.C. § 636 by the Magistrate's ordering an expedited review of this case in open court and in the body of his recommendation.

The Court has considered the defendants' objections and exceptions and finds that they do not change the substance of the Magistrate's rulings which the Court therefore adopts as its own.

NOW, THEREFORE, pursuant to the Magistrate's Findings and Recommenda-

tion, it is ORDERED that the plaintiff's motion to remand be, and the same is hereby, granted, and that pursuant to the provisions of 28 U.S.C. § 1447(c), the Clerk of this Court will mail a certified copy of this Order of Remand to the Clerk of the Superior Court of Forsyth County, North Carolina.

IT IS FURTHER ORDERED that plaintiff City of Winston-Salem have and recover its costs and disbursements in this Court against the defendants Chauffeurs, Teamsters & Helpers Local Union No. 391, R. V. Durham, and Christopher Scott, with the same to be taxed by the Clerk.

## MAGISTRATE'S FINDINGS AND RECOMMENDATION AND ORDER

### April 13, 1979.

RUSSELL A. ELIASON, United States Magistrate.

This matter came on for hearing on April 13, 1979, concerning plaintiff City's motions for remand of the action to state court and for extension of a state court temporary restraining order.[1] The defendants consist of a local union and its president and director. The individual defendants are not employed by the city.

Plaintiff filed this action in North Carolina Superior Court on April 3, 1979. In its complaint, it essentially alleges the illegality of certain activities conducted by defendants in a campaign to solicit various city employees as prospective members of the defendant Union Local 391. It implicates defendants in activities including the issuance of threats, harassment and coercion to intimidate plaintiff's employees into joining Local 391 and supporting the solicitation effort, repeated attempts to involve plaintiff's supervisory employees in union activities violative of plaintiff's policies applicable to such employees, and the issuance of false information, "half truths," misrepresentations and falsehoods regarding various aspects of the campaign. These actions, plaintiff contends, resulted in interference with the employees' right to work and to refrain from union activities or membership and interference with the faithful and efficient performance of their jobs. Plaintiff also alleges that agents of defendant Union have entered into restricted areas of plaintiff's property and there disrupted the work of plaintiff's employees, such acts constituting a trespass. Plaintiff further alleges that defendants' actions comprise a civil conspiracy to interfere with, obstruct and disrupt the rights, business and work of plaintiff. As such, plaintiff contends their conspiracy is to induce plaintiff to enter into a collective bargaining agreement in violation of N.C.Gen.Stat. § 95–98. Since plaintiff believed these acts of defendants were continuing and would cause plaintiff immediate irreparable harm, plaintiff in state court requested an injunction, including a temporary restraining order, as well as monetary damages.

Along with its complaint, plaintiff filed a motion for a temporary restraining order and several motions concerning discovery matters. On the same day upon an *ex parte* hearing, the state court entered orders restraining certain activities of defendants and granting plaintiff's discovery motions.[2] The restraining order by its terms remained in force, unless dissolved or modified, for ten (10) days until hearing could be held on April 13, 1979, at which hearing defendants were to show cause why the court should not issue a preliminary injunction. However, defendants petitioned for removal of this action to federal court on April 9, 1979, alleging that the action involved a question of federal law. Plaintiff moved to remand to state court on April 10, 1979.

### I. Plaintiff's Motion to Remand

Plaintiff contends that defendants improvidently removed this case and seek a

---

1. Defendant has also filed various motions, but the Court does not reach them here because of its recommendation concerning the remand motion.

2. The other motions filed by defendants in this Court which we do not reach primarily concern the state court's discovery orders.

remand back to the state court. Defendants cited two statutory bases for removal of the state cause of action to this Court, 28 U.S.C. §§ 1443(1) and 1441.[3] First, they claim that the action is removable pursuant to 28 U.S.C. § 1443(1). In *Noel v. McCain*, 538 F.2d 633, 635 (4th Cir. 1976), the Fourth Circuit laid out the test for evaluating cases removed pursuant to 28 U.S.C. § 1443(1), by stating:

> To remove a case from a state court under 28 U.S.C. § 1443(1), a defendant must show (1) that he is being deprived of rights guaranteed by federal laws protecting against racial discrimination and (2) that "it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Greenwood v. Peacock*, 384 U.S. 808, 828, 86 S.Ct. 1800, 1812, 16 L.Ed.2d 944 (1966); *Georgia v. Rachel*, 384 U.S. 780, 792, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966).

In the instant case, petitioner meets neither test.

First, the state court action does not deprive defendants of rights which are guaranteed by any federal law protecting racial equality. Plaintiff brought the state court action to protect against defendants' interference with its business interests. The complaint states that defendants have unlawfully trespassed and otherwise interfered with the normal conduct of the plaintiff's operations. While defendants claim that their rights under 42 U.S.C. § 1981 are being violated, they offer no support of this

conclusion other than its mere statement. Defendants' beef lies in the restraint placed on their union activity. To the extent this occurs, the result applies equally to blacks and whites. Thus, defendants' claim concerning 42 U.S.C. § 1981 is clearly frivolous.[4] Defendants' additional claim that the state court suit infringes upon their First Amendment rights standing alone or as protected by Section 1985(3) is without merit because "Section 1443(1)  .  .  . does not provide a remedy for vindicating the first amendment's right of free speech. *Greenwood*, 384 U.S. at 825, 86 S.Ct. 1800." *Noel v. McCain*, supra at 636.

Since defendants fail the first test of *Noel v. McCain*, further exploration into the second test used to determine this Court's removal jurisdiction under Section 1443(1) would be unnecessary. Nevertheless, it should be pointed out that defendants' contention that the state trial judge deprived them of due process by issuing the *ex parte* restraining and discovery orders is of no consequence. Such actions may be rectified, if necessary, in the state courts. The mere prior issuance of *ex parte* orders does not show that defendants cannot obtain a fair trial from the state judiciary. *Noel v. McCain*, supra at 636. Defendants have not alleged or shown that the enforcement of their rights will *inevitably* be denied. *Delavigne v. Delavigne*, 530 F.2d 598 (4th Cir. 1976). It is therefore concluded that 28 U.S.C. § 1443(1) provides no jurisdiction for the removal of this action.

Defendants cite 28 U.S.C. § 1441 as their second statutory basis for contending this Court has removal jurisdiction. Defend-

---

**3.** In *Board of Ed. of Atlanta v. American Fed. of S., C. & M. E.*, 401 F.Supp. 687 (N.D.Ga. 1975), the court faced the same issues presented here in a case remarkably similar to the one *sub judice*. For the reasons stated in that opinion, along with the reasons stated herein, it will be recommended that plaintiff's motion for remand be granted.

**4.** Even if the Court were to find, which it does not, that plaintiff's lawsuit involved defendants' rights protected by 42 U.S.C. § 1981, it could not further say that the maintenance of the suit in state court would prevent defendants from enforcing those rights, as required by the

second prong of the *Noel v. McCain* test. In *Noel*, members of the school board brought a libel action against the defendant for distributing a pamphlet accusing them of racial discrimination. While defendant cited specific civil rights statutes which prohibited racial discrimination, the court concluded that none of them sanctioned defendant's publication of the allegedly defamatory statements. The same is true here. Section 1981 does not authorize the trespassing on property or the intimidation or harassment of plaintiff's employees. *See Johnson v. Mississippi*, 421 U.S. 213, 227 n.16, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975).

ants' petition does not identify any particular subdivision of that statute, but the Court assumes that they make their claim under Section 1441(b) which provides that a civil action may be removed if the action was one in which this Court has original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States. Plaintiff's complaint, however, makes no mention whatsoever of seeking to vindicate a federal right. Rather, the complaint is based on the plaintiff's property rights and the right to run its operations without the interference from the defendants. Notwithstanding, the defendants have attempted in their removal petition to claim that plaintiff does not proceed under the state common law, but in reality seeks to bring an action pursuant to 42 U.S.C. §§ 1983 & 1985(3), by alleging deprivation of First Amendment rights.

■ In deciding whether the plaintiff has in actuality brought a suit which necessarily involves federal law, this Court is guided by well-established principles. As stated in *Brough v. United Steelworkers of America, AFL–CIO*, 437 F.2d 748, 749 (1st Cir. 1971):

For a suit to be one that arises under the laws of the United States, so as to confer original or removal jurisdiction on the federal courts, it must appear on the face of the complaint that resolution of the case depends upon a federal question. *E. g., Pan American Petroleum Corp. v. Superior Court*, 1961, 366 U.S. 656, 663, 81 S.Ct. 1303, 6 L.Ed.2d 584; *Skelly Oil Co. v. Phillips Petroleum Co.*, 1950, 339 U.S. 667, 672, 70 S.Ct. 876, 94 L.Ed. 1194, and cases cited. The fact that a defense to the action may raise a federal question, see n. 1, ante, is immaterial. *Louisville & N. R. R. v. Mottley*, 1908, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126; *Tennessee v. Union & Planters' Bank*, 1894, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511. It is also irrelevant that plaintiff may, in fact, have no valid state cause of action, but at best only a federal one; he is free to select the suit he will bring. *The Fair v. Kohler Die & Specialty Co.*, 1913, 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716; cf. *Great*

*Northern Ry. v. Alexander,* 1918, 246 U.S. 276, 282, 38 S.Ct. 237, 62 L.Ed. 713. Of course, if in fact plaintiff's claim is truly based on a federal question, it may not avoid removal by an artful attempt to conceal true federal questions inherent in its complaint. *Jones v. General Tire & Rubber Co.*, 541 F.2d 660 (7th Cir. 1976). On the other hand,

it is undisputed that where the plaintiff's claim involves both a federal ground and a state ground, the plaintiff is normally free to ignore the federal question and assert only the state ground as a basis for his claim. 1A J. Moore, *Federal Practice* ¶ 0.160, at 185 (2d ed. 1974). As the Supreme Court noted in *Great Northern Ry. v. Alexander*, 246 U.S. 276, 282, 38 S.Ct. 237, 239, 62 L.Ed. 713 (1918):

[T]he plaintiff may by the allegations of his complaint determine the status with respect to removability of a case . . . when it is commenced, and . . . this power to determine removability . . . continues with the plaintiff throughout the litigation, so that whether such a case . . . shall afterwards become removable depends . . . solely upon the form which the plaintiff by his voluntary action shall give to the pleadings . . .

*Marquette Nat. Bank v. First Nat. Bank of Omaha*, 422 F.Supp. 1346, 1351 (D.Minn.1976).

■ Defendants claim that plaintiff's complaint actually asserts a First Amendment right not to be forced to associate with a union by entering into a contract in violation of N.C.Gen.Stat. § 95–98. They cite *Winston-Salem/Forsyth Cty. U., N. C. Ass'n of Ed. v. Phillips*, 381 F.Supp. 644 (M.D.N.C.1974)—(three-judge court). In that case, however, it was the union activists, such as defendants, who alleged that N.C.Gen.Stat. § 95–98 violated *their* rights to association. (The Court held otherwise.) Thus, it is evident that any First Amendment issue as to N.C.Gen.Stat. § 95–98 will involve a matter of defense to be raised by defendants. Plaintiff has no need to rely

on the First Amendment since the state law protects its interest. A suit brought under a state statute does not arise under federal law merely because federal law may invalidate the statute. *Gully v. First National Bank,* 299 U.S. 109, 113, 57 S.Ct. 96, 81 L.Ed. 70 (1936).

Defendants' last suggestion is that plaintiff's complaint really states claims on behalf of its employees under 42 U.S.C. §§ 1983 and 1985(3). Defendants contend plaintiff is trying to protect the right of some of its employees not to associate with a union and therefore relies on the First Amendment to protect this right. The problem with defendants' position is that the complaint nowhere supports itself by citation to federal law, and plaintiff explicitly disclaims such reliance. As stated previously, plaintiff is the master of its complaint, and it is of no consequence that plaintiff's state cause of action may be meritless.[5] *Jones v. General Tire & Rubber Co., supra* at 665. Defendants cannot force plaintiff to assert the First Amendment rights, if there be any in this context, of its employees to be free from defendants' activities.

In any event, the Court does not believe that plaintiff in fact could allege a federal cause of action on behalf of its employees with respect to 42 U.S.C. § 1983. As to Section 1983, plaintiff has not, nor could it, have alleged that these defendants acted under color of state law. *Rodgers v. Tolson,* 582 F.2d 315, 318 (4th Cir. 1978).[6]

Likewise, plaintiff's complaint does not allege a violation of its employees' rights protected by 42 U.S.C. § 1985(3). First, the

Fourth Circuit has not yet decided that Section 1985(3) covers any conspiracy other than one which has as its heart some racially based discriminatory animus. *Rodgers v. Tolson, supra* at 317. In that case, the court held that at a minimum, if it were to decide that Section 1985(3) could encompass non-racial conspiracies, those conspiracies would have to involve some class-based discrimination. On the facts of that case, it decided that a class of persons consisting of people who were in political and philosophical opposition to the defendants did not constitute a Section 1985(3) class. The court found that this vague and amorphous definition defined an attitude and not a class of persons. The same is true here. Even if plaintiff had attempted to allege a Section 1985(3) conspiracy, its complaint does not define a class for the purposes of that statute. At most, plaintiff has alleged that some of its employees may not wish to be harassed by defendants' unionizing activity. *See Board of Ed. of Atlanta v. American Fed. of S., C. & M. E.,* 401 F.Supp. 687 (N.D.Ga.1975).

Separate from the question of whether a class-based discriminatory animus has been alleged is the issue of whether the nature of the right alleged to have been infringed falls under the mantel of Section 1985(3). *Doski v. M. Goldseker Co.,* 539 F.2d 1326 (4th Cir. 1976). Defendants claim that the complaint alleges they infringed rights arising from the First Amendment of the United States Constitution. That amendment prohibits the United States Congress from abridging a person's right to associate. As a result of the

---

**5.** Regardless of its merit, plaintiff has stated a "colorable" state law basis for its action. First, it relies on Art. I, Sec. 12, of the North Carolina Constitution which protects the right of assembly. Also, plaintiff asserts that the right to work provisions of N.C.Gen.Stat. § 95–98 protects its employees from union activity. Plaintiff acknowledges that N.C.Gen.Stat. § 95–100 excludes public employees from the protection granted by N.C.Gen.Stat. § 95–98. Their argument is that because a federal court ruled unconstitutional the related provisions of N.C. Gen.Stat. § 95–97 in *Atkins v. City of Charlotte,* 296 F.Supp. 1068 (W.D.N.C.1969), then by ne-

cessity N.C.Gen.Stat. § 95–100 is void as a matter of state law since the legislature did not intend to give less protection to public employees than it gave to private employees.

**6.** Defendants claim that the alleged activity of their member employees (as opposed to that of the private defendants) constitutes the state action in this case. The Court cannot believe that defendants seriously contend that the activity of their member employees will now or at a later date subject them to Section 1983 liability.

application of the incorporation doctrine to the Fourteenth Amendment, the same prohibition now applies to states. However, the First Amendment does not circumscribe ,action by private individuals. Therefore, under the reasoning of the Fourth Circuit which binds this Court, 42 U.S.C. § 1985(3) does not encompass private violations of First Amendment rights, absent state involvement. *Bellamy v. Mason's Stores, Inc. (Richmond)*, 508 F.2d 504 (4th Cir. 1974). A fair reading of the complaint does not disclose that defendants are being charged with *involving* the *plaintiff government* in abridging the employees' rights to associate. Plaintiff's complaint cannot be read to allege a violation of its, or its employees, rights under 42 U.S.C. § 1985(3).

It is therefore concluded that this case was improvidently removed and without jurisdiction. 28 U.S.C. § 1447(c).

### II. Plaintiff's Motion for Extension of the State Court Temporary Restraining Order

■■■■ The state court temporary restraining order expires, by its own terms, today, April 13, 1979, at 2:15 p. m. Plaintiff has moved for a ten-day extension in this Court. Because it is determined that this case was improvidently removed without jurisdiction, the Court also lacks jurisdiction to determine plaintiff's motion. While plaintiff may find it anomalous that they are denied further injunctive relief in the state court and now in this Court merely because defendants' improvidently removed this action here, the law is clear. To the extent that the Court would find that defendants' jurisdictional grounds for removal are insubstantial, it could not even grant a restraining order to preserve the status quo while it finally decided the jurisdictional question. Moreover, in light of the upcoming weekend and Monday holiday, it is felt that an expedited review would better serve the ends of justice. Little additional harm, if any, could befall plaintiff during this short period.

IT IS THEREFORE RECOMMENDED that plaintiff's motion to remand be granted and that pursuant to the provisions of 28 U.S.C. § 1447(c), the Clerk of this Court will mail a certified copy of the Order of Remand to the Clerk of the Superior Court of Forsyth County, North Carolina.

IT IS FURTHER RECOMMENDED that plaintiff City of Winston-Salem have and recover its costs and disbursements in this Court against the defendants Chauffeurs, Teamsters & Helpers Local Union No. 391, R. V. Durham, and Christopher Scott, with the same to be taxed by the Clerk.

IT IS ORDERED that for the foregoing reasons, the matter shall proceed on expedited review and that all objections or other responses to this Recommendation shall be filed in the Clerk's Office of this Court in Greensboro, North Carolina, on or before 12 noon, Monday, April 16, 1979. Thereafter, the Court may immediately proceed to review this matter without further hearing.