Sandra S. (Lukens) OSBORNE

v.

Wallace Oscar OSBORNE.

Civ. No. Y–82–2366.

United States District Court,
D. Maryland.

Oct. 13, 1982.

Marvin E. Perlis, Silver Spring, Md., for plaintiff.

David K. Nisbett, Riverdale, Md., for defendant.

## MEMORANDUM AND ORDER

JOSEPH H. YOUNG, District Judge.

This case was originally filed in the Maryland state court system when plaintiff Sandra (Lukens) Osborne filed a Bill of Complaint for divorce a *mensa et thoro* in the Montgomery County Circuit Court on June 16, 1982. Pursuant to 28 U.S.C. § 1446(a), defendant Wallace Osborne filed a petition for removal to this Court on August 13, 1982. Basing his substantive right to remove on 28 U.S.C. § 1443, Osborne alleges that the state proceeding denies him rights under two separate "laws providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1).

Osborne first asserts that the state divorce action encroaches upon his free exercise of religion in violation of the First and Fourteenth Amendments of the Federal Constitution, and then states that the Maryland Domestic Relations statutes, as applied by the Maryland courts, discriminate against men and transgress the equal protection clause of the Fourteenth Amendment. For the reasons outlined below, the removal. is inappropriate and the case is remanded to the Montgomery County Circuit Court in accordance with 28 U.S.C. § 1447(c). Also as permitted by 28 U.S.C. § 1447(c), plaintiff Sandra (Lukens) Osborne is awarded costs and reasonable attorney's fees incurred in the effort to remove.

Before reaching 28 U.S.C. § 1443(1), defendant first faces the apparent time bar of 28 U.S.C. § 1446(b):

(b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). In the instant case, plaintiff filed her complaint on June 16, 1982, but defendant without explanation delayed his petition to remove until August 13, 1982. Since the thirty day limit is not jurisdictional, *see, e.g., Fristoe v. Reynolds Metal Co.,* 615 F.2d 1209, 1212 (9th Cir. 1980), the order of remand is not based upon the expiration of the statutory period. However, this basic but ignored requirement is cited as a further ground for the award of costs in this action.

■ Defendant's petition fails to establish jurisdiction for more fundamental reasons. Osborne bases his attempt upon 28 U.S.C. § 1443, which reads:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. While defendant has not been specific, the wording of his Petition appears to center his jurisdictional efforts around § 1443(1). The Supreme Court has established a stringent two part test for a successful § 1443(1) petition:

Our most recent cases construing § 1443(1) are the companion cases of *Georgia v. Rachel* [384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925], *supra,* and *City of Greenwood v. Peacock* [384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966)], *supra.* Those cases established that a removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. First, it must appear that the right allegedly denied the removal petitioner arises under a federal law "providing for specific civil rights stated in terms of racial equality." *Georgia v. Rachel, supra,* at 792 [86 S.Ct. at 1790]. Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice... Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is "denied or cannot enforce" the specified federal rights "in the courts of [the] State." This provision normally requires that the "denial be manifest in a formal expression of state law," *Georgia v. Rachel, supra,* at 803 [86 S.Ct. at 1796], such as a state legislative or constitutional provision " 'rather than a denial first made manifest at the trial of the case.' " *Id.,* at 799 [86 S.Ct. at 1794].

*Johnson v. Mississippi,* 421 U.S. 213, 219, 95 S.Ct. 1591, 1595, 44 L.Ed.2d 121 (1975). In short, only "equal civil rights" claims based upon racial grounds merit § 1443 federal removal jurisdiction; all other "equal civil rights" claims not otherwise entitled to original or removed federal jurisdiction must await the appellate jurisdiction of the United States Supreme Court for their federal forum.

■ To pass the *Johnson* test, defendant first argues that the state court proceedings infringe the free exercise of his Seventh Day Adventist faith in violation of the First and Fourteenth Amendments of the Federal Constitution. Regardless of the underlying merits of his First Amendment claim, it fails the first prong of the *Johnson* test and does not establish § 1443(1) removal jurisdiction:

the defendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands.

*Georgia v. Rachel,* 384 U.S. 780, 792, 86 S.Ct. 1783, 1790, 16 L.Ed.2d 925 (1966).

Defendant's second purported ground for § 1443(1) jurisdiction is a claim that the Maryland Domestic Relations statute as applied by the Maryland judiciary discriminates against men in violation of the equal protection clause of the Fourteenth Amendment of the United States Constitution. However, this contention also fails the first prong of the *Johnson* test. The Fourth Circuit recently considered a case almost identical to this one and stated:

> Section 1443(1) is inapplicable for another reason. Husband argues that discrimination because of sex violates "a right under any law providing for the equal civil rights of citizens of the United States." But *Georgia v. Rachel,* 384 U.S. 780, 792, 86 S.Ct. 1783 [1790], 16 L.Ed.2d 925 (1966), and *Johnson v. Mississippi,* 421 U.S. 213, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975), both treat § 1443(1) as confined to laws providing for specific civil rights stated in terms of racial equality.

*Delavigne v. Delavigne,* 530 F.2d 598, 600 (4th Cir.1976). *Accord, Wilkins v. Rogers,* 581 F.2d 399, 403 (4th Cir.1978).

The above canvassing of elementary authorities requires that defendant's removal petition borders on the frivolous. As a consequence, no federal jurisdiction exists and remand is mandatory under 28 U.S.C. § 1447(c). Defendant's motion for a temporary restraining order will not be considered.

Finally, the meritless nature of defendant's removal attempt fully justifies the award of just costs and reasonable attorney's fees associated with this removal and remand. 28 U.S.C. § 1447(c); *Dunkin Donuts of America v. Family Enterprises, Inc.,* 381 F.Supp. 371 (D.Md.1974) (Young, J.). Defendant's $500.00 bond posted in accordance with 28 U.S.C. § 1446(d) may be applied towards this award.

Accordingly, for the reasons stated herein, it is this 13th day of October, 1982, by the United States District Court for the District of Maryland, ORDERED:

1. That defendant Wallace Osborne's petition for removal BE, and the same IS, hereby REMANDED to the Circuit Court for Montgomery County, Maryland; and

2. That the Clerk be directed to forward the court file to the Clerk of the Circuit Court for Montgomery County, Maryland.