977 F.2d 572
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James Michael DEVINE, Plaintiff-Appellant,
v.
MARYLAND Department of Human Resources, Defendant-Appellee.
 No. 92-1743.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 14, 1992
Decided: September 25, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. M. J. Garbis, District Judge. (CA-92-933-MJG)
 James Michael Devine, Appellant Pro Se.
 Steven David Keller, Assistant Attorney General, Baltimore, Maryland, for Appellee.
 D.Md.
 Dismissed.
 Before HALL, WILKINSON, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 James Devine appealed to the Maryland Court of Special Appeals a state administrative agency's orders denying food stamps. While the appeal was pending, Devine filed a notice of removal to the district court. He contended that removal was proper because the Food Stamp Program was enacted by Congress, so denial of food stamp eligibility created a federal question. The Defendant moved to strike the removal and remand the action to the state court. The district court granted the motion; Devine appealed.
 
 
 2
 The record before this Court does not clearly reflect the statutory basis for removal asserted by Devine. However, in his informal brief, Devine contends that he sought removal pursuant to 28 U.S.C.A. § 1441(a) (West Supp. 1992). The district court's remand of an action removed pursuant to this section is not reviewable on appeal.* 28 U.S.C. § 1447(d) (1988); Noel v. McCain, 538 F.2d 633, 635 (4th Cir. 1976). Therefore, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 DISMISSED
 
 
 *
 To the extent that Devine sought removal pursuant to 28 U.S.C. § 1443 (1988), the court's order remanding the case to state court was appealable. However, the district court properly remanded the case to state court because under § 1443, as under § 1441(a), only the Defendant may remove an action; Devine was the Plaintiff in this action, so he could not properly remove. In re Walker, 375 F.2d 678 (9th Cir. 1967)