The **CHILDREN'S VILLAGE,** Plaintiff,

v.

**GREENBURGH ELEVEN TEACHERS' UNION FEDERATION OF TEACHERS, LOCAL 1532,** Defendant.

**No. 94 Civ. 5643 (VLB).**

United States District Court, S.D. New York.

Nov. 9, 1994.

David R. Kittay, Kittay, Gold, Krebsbach, PC, White Plains, NY, for plaintiff.

Michael Sussman, Goshen, NY, for defendant.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

Plaintiff The Children's Village (the "School"), a governmentally funded residential educational institution serving approximately 300 boys, has been engaged in a labor dispute with the defendant (the "Union"), the recognized collective bargaining agent for employees of the School. One consequence of the dispute was that the Union instituted picketing; the School filed a state court suit

on October 20, 1993, leading to temporary restraining orders limiting the Union's picketing and also found the Union and its members in contempt.

On August 2, 1994 the Union removed the state court action to this court, contending (a) that the suit was brought seeking to protect First Amendment interests of the School and its pupils and thus stated a federal claim cognizable under 28 U.S.C. § 1331, and (b) that the relief granted by the state court contravened the First Amendment and federal labor law.

On August 5, 1994 a hearing was held and the case remanded to state court effective immediately for lack of federal jurisdiction by decision from the bench. Pursuant to leave granted and 28 U.S.C. § 1447(c), the School has moved for attorney's fees and costs of $9,932.50, contending that it was necessary "to research and prepare a cogent analysis of the issues" in order to contest the removal prior to expiration of the latest state court temporary restraining order against specified picketing by the Union.

The Union contends that the removal was justified and the fees claimed inadequately supported by the School's submissions.

## II

■ The Union's removal of the School's state suit to this court was improvident and the remand inevitable. No federal claims cognizable under 28 U.S.C. § 1331, thus supporting removal under 28 U.S.C. § 1441, is asserted. No state claim preempted by federal law and thus subject to recharacterization as a federal claim is involved.

There is no indication that relief from any violation of the Union's First Amendment rights could not be achieved by appeals within the state court system, thus justifying removal under 28 U.S.C. § 1443. Perusal of these statutes would be and was sufficient to lead to remand from the bench without further ado.

## III

In opposing the School's application for attorney's fees, the Union argues that the removal may have been appropriate. A more detailed analysis, while unnecessary, confirms the conclusion dictated by the plain language of the applicable statutes and constitutional provisions.

The School's state law claims based on alleged interference with the functioning of the institution could have been brought even were the First Amendment through the Fourteenth Amendment inapplicable to the states. This is not a case where a state claim is preempted by federal law, as in the case of a suit to enforce a collective bargaining agreement covered by § 301 of the Taft–Hartley Act (29 U.S.C. § 185). Instead, in this instance state law may—subject to federal constitutional or statutory limitations where applicable as interpreted initially by the state courts—be directly applied without presentation of any federal claim. See *Lingle v. Norge*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988); *Ft. Halifax Packing Co. v. Coyne*, 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987). Indeed, a First Amendment claim by the School against the Union would encounter the difficulty that the First Amendment applied through the Fourteenth is directed to state action,[1] whereas the Union is a primarily a nongovernmental institution not to date categorized as a state actor, albeit with some public duties based upon its collective bargaining authority. See *Steele v. Louisville & Nashville R.R.*, 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944).

■ The Union's federal defense under the First Amendment and federal labor law does not support district court jurisdiction under 28 U.S.C. § 1331 or justify removal under 28 U.S.C. § 1441. *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908).

■ The Union's contention that the injunctive relief obtained by the School justifies intervention by this court ignores the availability of the state appellate courts,

---

1. "No state shall ... deprive any person of life, liberty or property without due process of law ...." U.S. Const., Amend. XIV § 1.

which are required by the Supremacy Clause of Article IV § 2. See authorities cited, *Rodriguez v. Westhab*, 833 F.Supp. 425 (S.D.N.Y. 1993). Where state courts are open to a federal defense, removal under 28 U.S.C. § 1443 is unavailable. *Osborne v. Osborne*, 554 F.Supp. 566 (D.Md.1982); *City of Winston–Salem v. Chauffeurs, Teamsters & Helpers Local 391*, 470 F.Supp. 442 (M.D.N.C.1979) (involving facts similar to those in the present case).

### IV

■ Under 28 U.S.C. § 1447(c), where a removed case is remanded the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as the result of the removal." The statute "affords a great deal of flexibility to the district courts in fashioning" such awards, *Morgan Guaranty Trust v. Republic of Palau*, 971 F.2d 917, 924 (1992). Because of the absence of any reasonable basis for the removal, an award is appropriate. *Memorial Hospital v. Empire Blue Cross*, 1994 WL 132151 at 1 (S.D.N.Y.1994) (Martin, J.).

■ The absence of any basis for the removal, while militating in favor of an award, indicates that it need not be as substantial as plaintiff seeks because a review of applicable statutes and annotations should have persuaded counsel that remand was required. While the Court recognizes that a lawyer must operate on the premise that what appears clear to counsel might not be apparent to the Court, excessive research or writing should not be compensated. The experience of the court may be drawn upon in making evaluations of such matters. *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir.1992). Where "it is apparent that the size of an [attorney fee] is out of line with the degree of effort reasonably needed to prevail," it cannot be granted in a fee shifting context. *Smiley v. Sincoff*, 958 F.2d 498, 502 (2d Cir.1992).

■ Under the related provisions of Fed. R.Civ.P. 11, a party seeking fee-shifting must seek to minimize costs. See *Dubisky v. Owens*, 849 F.2d 1034 (7th Cir.1988); *Thomas v. Capital Security Services*, 836 F.2d 866 (5th Cir.1988) (en banc); *Brown v. Federation of Medical Boards*, 830 F.2d 1429 (7th Cir. 1987); *In re Yagman*, 796 F.2d 1165 (9th Cir.1986).

Based upon the nature of the work necessitated by the removal, an attorney's fee of $5,000 is awarded to the School, to be paid by the Union or its counsel within twenty (20) days of the date of receipt by or service upon the Union's counsel of this memorandum order.

SO ORDERED.