**Penny M. MATTICE, Plaintiff,**

v.

**ITT HARTFORD INSURANCE GROUP
and Allstate Insurance Company,
Defendants.**

**No. 93–CV–782 FJS.**

United States District Court,
N.D. New York.

Nov. 24, 1993.

G. Robert McAllister, Syracuse, NY, for plaintiff.

Hancock & Estabrook, Syracuse, NY (Donald P. McCarthy, of counsel), for defendant Hartford.

Sugarman, Wallace, Manheim & Schoenwald, Syracuse, NY (Sherry R. Bruce, of counsel), for defendant Allstate.

---

**6.** N.Y. Penal Law § 130.00(8)(b).

## MEMORANDUM–DECISION AND ORDER

SCULLIN, District Judge.

### INTRODUCTION

This matter is before the court on motions by Plaintiff to remand, for declaratory judgment and attorney fees; by defendant Hartford to dismiss; and by defendant Allstate for summary judgment. The court heard oral argument on October 8, 1993 in Syracuse, New York. At that time, the court granted Plaintiff's motion to remand and attorney's fees incurred therewith against defendant Hartford as the court determined, and defendant Hartford did not dispute, that Hartford had improperly removed this case to federal court.

Accordingly, the court directed Plaintiff's counsel to submit, by way of affidavit, his request for attorney's fees detailing the hours worked as well as his hourly rate. Plaintiff submitted the necessary documents on October 21, 1993, requesting a total award of attorney's fees in the amount of $6,387.50, representing 36.5 hours worked at an hourly rate of $175.00. In his affidavit, Plaintiff's counsel did not limit his hours to those spent on the remand motion; rather, he included the hours worked on all motions. Defendant Hartford objects to Plaintiff's request, both as to the total hours worked as well as to the hourly rate. Hartford contends that Plaintiff's award should be limited to hours worked solely on the remand motion, and that the hourly rate should be reduced from $175.00/hour to $80–90/hour. The following discussion is limited to the award of attorney's fees.

### DISCUSSION

Pursuant to 28 U.S.C. § 1447(c), when an action is remanded to state court, the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.A. § 1447(c) (West Supp.1993). The Second Circuit Court of Appeals has noted that § 1447(c) "affords a great deal of discretion and flexibility to the district court in fashioning awards of costs and fees." *Mor-*

*gan Guar. Trust v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir.1992).

■ Applying § 1447(c), courts have awarded reasonable attorney fees incurred in bringing remand motions. *See, e.g., id.; Alternative Systems, Inc. v. Connors*, Civ. No. 93–20244, 1993 WL 299223 (N.D.Cal. July 27, 1993); *Penrod Drilling Corp. v. Granite State Ins. Co.*, 764 F.Supp. 1146 (S.D.Tex. 1990); *Ehrlich v. Oxford Ins. Co.*, 700 F.Supp. 495 (N.D.Cal.1988). In the present case, the court finds that Plaintiff is likewise entitled to reasonable attorney's fees incurred by the remand motion.

■ This court generally employs the "lodestar method" in determining reasonable attorney's fees, i.e., "the court multiplies the compensable hours by the reasonable rate and makes any necessary upward or downward adjustment." *New York State Teamsters Conference and Retirement Fund v. Eric Sanitation*, Civ. No. 92–293, slip op. at 10, 1992 WL 246880 (N.D.N.Y. Sept. 18, 1992) (citation omitted). Generally, the "reasonable rate" is determined by the prevailing rate "for similar services by lawyers of reasonably comparable skill, experience, and reputation" in the district in which the suit has been brought. *Id.* (citations omitted). Defendant Hartford argues that Plaintiff's counsel's rate should be limited to the range of $80–$90 per hour, as that is the "customary and usual fee for insurance work such as that involved here." Callahan Aff., Doc. 25 at ¶ 7. However, defendant has offered no support for this contention. Moreover, the court finds that, as Plaintiff's counsel comes to this court with thirty-five years of experience as a practicing attorney, $150 is a reasonable hourly rate to charge for his services.

■ Plaintiff may thus recover $150.00/hour for a reasonable number of hours spent in connection with the remand motion; however, the court must reduce or eliminate any amounts to the extent that they either were not incurred solely for the purpose of the remand motion, or are excessive. In this regard, the court must disallow numerous entries submitted by Plaintiff's counsel, as Plaintiff's counsel has not stated with suffi-

cient specificity that these amounts were incurred solely in connection with the remand motion, or the court finds these amounts to be excessive considering the nature of the remand motion. *See Wahl v. Ravenswood* *Hospital Medical Center*, No. 93 C 1362, 1993 WL 311733, at * 2 (N.D.Ill. Aug. 11, 1993) (17.5 hours submitted for remand motion found to be excessive). Accordingly, below is a summary of the allowable costs:

| Date | Service | Hours | Rate | Total |
|---|---|---|---|---|
| 06/10/93 | Read notice of removal, etc. | 0.9 | $150 | $ 135 |
| 06/21/93 | Receipt from Allstate, Answer, Copy of Demand for Bill of Particulars, Discovery, Prep. Reply (Necessary to support remand motion) | 0.4 | $150 | $ 60 |
| 06/24/93 | Research ERISA statute, NY Jur. and Cases on ERISA | 2.5 | $150 | $ 375 |
| 06/25/93 | Completed research; dictated affidavit & mem. of law in support of motion to remand | 2.1 | $150 | $ 315 |
| 06/25/93 | Tele. call to Clerk's office for motion date | 0.1 | $150 | $ 15 |
| 06/28/93 | Review, edited and finalized motion papers; dictated correspondence | 1.2 | $150 | $ 180 |
| 07/06/93 | Tele. conf w/clerk's office re: Albany motion date, conf. w/Judge's law clerk re: rescheduling motion | 0.2 | $150 | $ 30 |
| 07/30/93 | Reviewed and researched cases and statutes cited in Defendant's memo. of law | 2.2 | $150 | $ 330 |
| 08/02/93 | Read notice advising of adjournment of motions to 10/8/93 and tele. call to Judge's law clerk | 0.3 | $150 | $ 45 |
| 08/04/93 | Prepared letter to Judge requesting motion to remand be submitted | 0.3 | $150 | $ 45 |
| 10/08/93 | Appearance at motion in court | 2.2 | $150 | $ 330 |
| 10/14/93 | Preparation of affirmation and proposed order and letters to court and attorneys | 1.5 | $150 | $ 225 |
| **Total** | | 13.9 hours | × $150/ hour | = $2,085 |

## CONCLUSION

The court hereby awards Plaintiff attorney's fees in the amount of **$2,085.00,** to be paid by defendant Hartford within 30 days of the date of the judgment issued in this matter.

**IT IS SO ORDERED.**