Kathleen T. **GREENIDGE** and Walwyn Greenidge, Plaintiffs,

v.

**MUNDO SHIPPING CORPORATION,** Defendant.

No. 97–CV–6232(FB).

United States District Court, E.D. New York.

Aug. 11, 1999.

Pedro Antonio Garcia, New York City, for plaintiffs.

Vincent M. DeOrchis, Marc I. Kunkin, DeOrchis, Walker & Corsa, LLP, New York City, for defendant.

### MEMORANDUM AND ORDER

BLOCK, District Judge.

Defendant Mundo Shipping Corporation ("Mundo") moves for an amendment of, or reconsideration or reargument as to, this Court's March 3, 1999 award of costs and expenses to Plaintiffs Kathleen and Walwyn Greenidge (the "Greenidges") for Mundo's improper removal of this action from New York Supreme Court, Queens County, to this Court. For the reasons set forth below, Mundo's motion is denied.

### BACKGROUND

On October 7, 1997, the Greenidges commenced this action against Mundo in State court. On October 29, 1997, Mundo removed the action, and the Greenidges moved for remand, as well as reasonable costs and expenses. Mundo opposed their motion, and moved for partial summary judgment as to the limits of its liability. On March 3, 1999, the Court granted the Greenidges's motion and remanded the action to State court based on lack of subject matter jurisdiction, and denied Mundo's motion for partial summary judgment without prejudice. The Court retained jurisdiction over the action "for the purpose of assessing ... costs and expenses, upon a proper submission, in the event that the parties cannot forthwith reach an agreement in respect thereto." Memorandum and Order, at 9. On March 17, 1999,

the Greenidges's counsel advised Mundo that the Greenidges's attorney fees related to the remand totaled $22,125.00. *See* Exhibit A, Mundo's Affidavit in Support of Its Reply. Mundo disputes this total, and the parties have been unable agree to an amount that Mundo should pay the Greenidges.

## DISCUSSION

### A. Attorney Fees for Improper Removal

■ Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "The goal of this provision is to deter improper removal.... While the simplicity of [the removal] procedure facilitates removal, it also exposes a plaintiff to the possibility of abuse, unnecessary expense and harassment if a defendant removes improperly, thereby requiring plaintiff to appear in federal court, prepare motion papers and litigate, merely to get the action returned to the court where the plaintiff initiated it." *Circle Indus. USA, Inc. v. Parke Constr. Group, Inc.*, 183 F.3d 105, 109 (2d Cir.1999) (under 28 U.S.C. § 1447(c), attorney fees only awarded for successful remand motion, not for successful opposition to remand motion). Mundo argues that 28 U.S.C. § 1447(c) implicitly incorporates a requirement that the removal have been made in bad faith; however, the statute does not require such a finding, and, in fact, gives the Court "a great deal of discretion and flexibility ... in fashioning awards of costs and fees." *Morgan Guaranty Trust Co. of N.Y. v. Republic of Palau*, 971 F.2d 917, 923 (2d Cir.1992).

■ Consistent with the Court's March 3, 1999 memorandum and order, the Court has determined that, although Mundo did not remove in bad faith, it is nonetheless an appropriate exercise of the Court's discretion to require Mundo to pay reasonable costs and expenses. First, while the Greenidges opted to litigate their relatively simple claims in State court, the removal greatly complicated the case; it would be unfair to require either the Greenidges or their counsel to absorb the cost of litigating the remand motion, which in no way advanced their case. Second, given that Mundo's counsel is an experienced maritime firm, *see* Defendant's Memorandum, at 5 n. 2, the impropriety of the removal should have been clear, due to the applicability of several well-established principles of maritime law. *See* Memorandum and Order, at 3–8 (remanding action based on application of the 'saving to suitors' clause of 28 U.S.C. § 1333; the lack of complete preemption of the maritime shipping field by the Carriage of Goods by Sea Act, 46 U.S.C. § 1300 *et seq.;* and the well-pleaded complaint rule).

Accordingly, Mundo's motion for an amendment of, or reconsideration or reargument as to, the Court's order is denied.

### B. Amount of Fees

As to the exact amount of costs and expenses to be paid, Mundo challenges the amount of the Greenidges's attorney fees, claiming they should be limited to $2,500, and should not include payment for hours unrelated to the remand. The Greenidges requested almost nine times this amount in fees.

■ Plaintiffs may recover fees at a reasonable rate for a reasonable number of hours spent in connection with the remand motion. *See* 28 U.S.C. § 1447(c); *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir.1992). A reasonable rate is "one in-line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). "The hourly rates awarded by courts in

this district during the past few years have ranged from $200 to $225 for partners" and "from $100 for junior associates to $200 for senior associates." *Perdue v. CUNY,* 13 F.Supp.2d 326, 345–46 (E.D.N.Y.1998) (collecting cases). When evaluating a request for attorney fees under 28 U.S.C. § 1447(c), the Court must disallow hours which were not incurred solely in connection with the remand motion. *See* 28 U.S.C. § 1447(c); *Mattice v. ITT Hartford Ins. Group,* 837 F.Supp. 499, 500–01 (N.D.N.Y.1993) (reducing attorney fees by amount not attributable to remand motion). The Court may also reduce redundant and overlapping hours. *See Perdue,* 13 F.Supp.2d at 346.

▮▮▮ "Where settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). In order to be awarded attorney fees, a party must submit to the court contemporaneous time records as a prerequisite for recovering attorney fees, specifying "for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children v. Carey,* 711 F.2d 1136, 1148 (2d Cir. 1983). "The actual original time sheets are not necessary; submitting an affidavit and attaching a computer printout of the pertinent contemporaneous time records is acceptable." *See Tri–Star Pictures v. Unger,* 42 F.Supp.2d 296, 304 (S.D.N.Y. 1999) (citations omitted). When making a fee award, the Court may evaluate the record to determine the appropriate fee amount; it need not hold an evidentiary hearing on the issue. *See Walz v. Town of Smithtown,* 46 F.3d 162, 170 (2d Cir. 1995).

▮▮▮ In this case, the Court has received a letter from Mr. Garcia, the Greenidges's counsel, with a request for fees and a statement of the hours he and his associate expended on the remand issue. However, the Court has not received contemporaneous time sheets or an adequate substitute to substantiate the fee request. Therefore, at this time, the Court cannot make a final order as to the amount of attorney fees Mundo must pay the Greenidges.

The Greenidges may supplement the record to provide the Court with appropriate documentation to support their fee request. Upon receipt of such documentation, unless the parties stipulate as is hereinafter suggested, the Court will issue a final order as to the amount of the fee award, which will be in the amount of $6,731.25, if the documentation supplied is satisfactory. In making this calculation, the Court will permit a billing rate of $225.00 per hour for Mr. Garcia, a senior partner, and $150.00 per hour for his associate, who performed mid-level research in connection with the remand matter. The Court will disallow hours spent on the summary judgment motion, and will consider only the 35.75 hours by Mr. Garcia and 15.5 hours by his associate which appear to have been spent solely on the remand matter. The Court will reduce this number of hours by thirty-five percent because the initial number was excessive as to the work required by a remand motion, and will find 23.25 partner hours and 10 associate hours to be reimbursable. *See Mattice,* 837 F.Supp. at 501 (allowing $2,085 in attorney fees for 13.9 hours work on successful remand motion); *The Children's Village v. Greenburgh Eleven Teachers' Union Fed. of Teachers, Local 1532,* 867 F.Supp. 245, 248 (S.D.N.Y.1994) (allowing $5,000 in attorney fees for improvident removal).

"A request for attorney[ ] fees should not result in a second major litigation." *Hensley,* 461 U.S. at 437, 103 S.Ct. 1933. It is expected that this decision will avoid any further involvement by the Court in this matter, and that one of the following stipulations will be entered into: 1) a stipulation by the parties agreeing to the anticipated sum herein, after plaintiffs' counsel has satisfied defendant's counsel that

sufficient documentation exists; or 2) if there is no such documentation, a stipulation by the plaintiff withdrawing his attorney fee application. Any such stipulation shall be filed with the Court by August 25, 1999.

### CONCLUSION

For the reasons stated above, Mundo's motion is denied, and the parties are ordered to proceed in accordance with this order.

**SO ORDERED.**