**Elizabeth M. PINNER, f/k/a Elizabeth M. Cutrone, Plaintiff,**

v.

**BUDGET MORTGAGE BANKERS, LTD., Defendant.**

No. CV–03–0408(ADS).

United States District Court, E.D. New York.

Sept. 17, 2004.

David M. Lira, Esq., Garden City, NY, for Plaintiff.

Michael S. Winokur, Esq., Forest Hills, NY, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The plaintiff Elizabeth M. Pinner, formerly known as Elizabeth M. Cutrone, ("Pinner" or the "Plaintiff") brought this Title VII employment discrimination action pursuant to 42 U.S.C. § 2000e *et seq.* against the defendant Budget Mortgage Bankers, Ltd. ("Budget" or the "Defendant"), alleging five causes of action. Prior to the trial, the Plaintiff voluntarily withdrew two of the Title VII causes of action. Two of the causes of action went to the jury, Title VII sexual harassment-hostile work environment and Title VII retaliation.

On July 13, 2004 the jury returned a verdict in favor of the Defendant on the sexual harassment-hostile work environment cause of action. However, the jury returned a verdict in favor of the Plaintiff on her retaliation claim. The jury awarded no compensatory damages and the sum of $4,000 in punitive damages. The Plain-

tiff now moves for an award of attorney's fees and costs.

## DISCUSSION

### I. *The Standards*

■ A prevailing party in a case brought pursuant to Title VII is entitled to an award of reasonable attorney's fees. 42 U.S.C. § 2000e–5(k). Because of the district court's familiarity with the quality of the representation and the extent of the litigation, the decision whether to award fees and the amount of fees to be awarded are issues generally confined to the sound discretion of the court. *Gierlinger v. Gleason,* 160 F.3d 858, 876 (2d Cir.1998).

■ The well-known formula for calculating attorney's fees is the "lodestar" method described in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986). Under this method, the Court makes an initial calculation of a lodestar amount by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *LeBlanc–Sternberg v. Fletcher,* 143 F.3d 748, 763–64 (2d Cir.1998); *Gierlinger,* 160 F.3d at 876; *Luciano v. Olsten Corp.,* 109 F.3d 111 (2d Cir.1997).

■ If the Court finds that certain claimed hours are excessive, redundant, or otherwise unnecessary, the court should exclude those hours from its lodestar calculation. *Hensley,* 461 U.S. at 434 n. 9, 103 S.Ct. 1933; *Luciano,* 109 F.3d at 116. Once the initial lodestar calculation is made, the court should then consider whether upward or downward adjustments are warranted by factors such as the extent of success in the litigation and the degree of risk associated with the claim. *Hensley,* 461 U.S. at 434 n. 9, 103 S.Ct. 1933, 76 L.Ed.2d 40, *citing Johnson v.* *Georgia Highway Express, Inc.,* 488 F.2d 714, 717–719 (5th Cir.1974).

### II. *The Contentions*

The Plaintiff seeks attorney's fees at the rate of $350 per hour for a period of 133.66 hours for a total request of $46,781. In addition, the Plaintiff requests reimbursement for costs in the sum of $624.90. In connection with these requests, Plaintiff's counsel annexed a summary of the time allegedly expended in this case (Lira Declaration; Exhibit 2), together with an itemized list of the costs (Exhibit 1).

The Defendant's counsel opposes the amount of the attorney's fees requested by the Plaintiff. Initially, Defendant's counsel contends that the "hourly rate of $350.00 is excessive for a private practitioner, regardless of his/her experience" (Affirmation in Opposition, p. 2). He also asserts that on the eve of trial, the Plaintiff withdrew two of the causes of action originally brought, namely, the claims of religious and national origin discrimination. Therefore, he states that the Plaintiff should not be awarded attorney's fees for the time expended in connection with those causes of action.

■ At the outset, the Court notes that Defendant's counsel's initial novel contention that the Plaintiff made settlement impossible because of an excessive $350,000 demand, and, therefore, precipitated a trial, is totally without merit. No settlement offer was ever made by the Defendant prior to the trial, during the trial, after the verdict was rendered against it, or to the present time. In the Court's view, the Defendant's lack of willingness to settle, at any time, was a competent producing cause of the trial. In any event, the Plaintiff's failure to settle under these circumstances, could not support a reduction in the compensatory hours.

In addition, Defendant's counsel questions the number of hours allegedly spent by Plaintiff's counsel in connection with this lawsuit. He states that Plaintiff's counsel "could not have genuinely needed 133.66 hours to prepare and try the case based upon counsel's longtime experience in the field of employment law, particularly Title VII and sexual harassment issues." Affirmation in Opposition at 3. In particular, defense counsel asserts that 13.40 hours to prepare jury instructions; 1.50 hours for an interview with the Plaintiff's daughter and husband and 11.89 hours to prepare a written summary of the facts in the case, among other matters, constitutes excessive hours.

In response, Plaintiff's counsel virtually concedes that he should not be compensated for the two withdrawn discrimination claims. However, he states that he expended less than 3 hours preparing the allegations in the complaint with regard to those two causes of action.

## III. *Determinations*

### A) *As to the Reasonable Hourly Rate*

■ In making the initial lodestar calculation, the rate to be used must be the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d. Cir.1997) (citing *Blum v. Stenson,* 465 U.S. 886, 896 n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984)). The Court will apply the rates prevailing in the Eastern District community for similar services by lawyers of reasonably comparable skill, experience and reputation in making the initial lodestar calculation. *Polk v. New York State Dep't of Correctional Services,* 722 F.2d 23, 25 (2d Cir. 1983) ("normally a district court awarding attorney's fees under Section 1983, will consider the prevailing rates in the district in which the court sits").

■ In 1998, the Second Circuit held that rates of $200 for partners, $135 for associates, and $50 for paralegals are reasonable rates for legal services in the Eastern District. *Savino v. Computer Credit, Inc.,* 164 F.3d 81, 87 (2d Cir.1998). *See also Luciano,* 109 F.3d at 111–112 (collecting cases); *Association for Retarded Citizens v. Thorne,* 68 F.3d 547, 554 (2d Cir.1995); *Cruz v. Local Union No. 3, Int'l. Brotherhood of Electrical Workers,* 34 F.3d 1148, 1160 (2d Cir.1994); *Irish v. City of New York,* 2004 WL 444544 (S.D.N.Y.2004 ($250 per hour)).

In this regard, the Court notes that this was a garden-variety Title VII sexual harassment and retaliation case. The case involved no complex issues of law or fact or novel evidentiary issues and only five exhibits were introduced in evidence.

Some Eastern District Courts have followed the *Savino* standard. *See, Fink v. City of New York,* 154 F.Supp.2d 403, 407 (E.D.N.Y.2001) (partners $200.00 to $250.00 and associates $100.00 to $200.00 per hour); *Schwartz v. Chan,* 142 F.Supp.2d 325 (E.D.N.Y.2001) ($175.00 per hour for a sole partner). *Fernandez v. North Shore Orthopedic Surgery & Sports Medicine,* 2000 WL 130637 (E.D.N.Y.2000) ($225.00 per hour for partners and $100.00 per hour for associates); *Cush–Crawford v. Adchem Corp.,* 94 F.Supp.2d 294, 303 (E.D.N.Y.2000) aff'd 271 F.3d 352 (2d Cir. 2001) ($200.00 for partners and $135.00 for associates); *Greenidge v. Mundo Shipping Corp.,* 60 F.Supp.2d 10, 13 (E.D.N.Y.1999) ($225.00 per hour for a senior partner and $150.00 per hour for her associate).

Accordingly, after considering all the factors in *Hensley,* the probable increase in fees since *Savino* was decided in 1998, the facts and circumstances of this case and the experience of David M. Lira the Court fixes his rate of compensation at $250.00 per hour.

**B)** *As to the Reasonable Hours Expended*

■ Having determined the reasonable hourly rate for Mr. Lira, the Court now turns to the question of how many hours were reasonably expended by him. The standard in this regard was stated in *Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir.1998):

> The district court must thus examine the hours expended by counsel and the value of the work product of the particular expenditures to the client's case. Efforts put into research, briefing and the preparation of a case can expand to fill the time available, and some judgment must be made in the awarding of fees as to diminishing returns from such further efforts.... In making this examination, the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties. *DiFilippo v. Morizio*, 759 F.2d 231, 235–36 (2d Cir.1985); *see, e.g. Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir.1997); *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir.1992). If the court determines that certain claimed hours are "excessive, redundant, or otherwise unnecessary," *Hensley v. Eckerhart*, 461 U.S. at 434, 103 S.Ct. 1933, 76 L.Ed.2d 40, the court should exclude those hours in its calculation of the lodestar.

For an accurate determination of the hours reasonably expended it is necessary for the Court to examine contemporaneous billing records, time sheets or other documented, authentic and reliable time records. The time records submitted by Mr. Lira as annexed to his affidavit, appear to be a review or compilation of the work he did rather than contemporaneous records. However, the Court accepts these records as proper hourly time records.

A review of the facts and arguments in this case reveals that the hours claimed by the Plaintiff's counsel are not "excessive, redundant or otherwise unnecessary." *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933. Except for the approximate three hours expended for the two withdrawn causes, the other hours claimed by Plaintiff's counsel are fair and reasonable and are accepted. In this regard the Plaintiff's hours are reduced from 133.66 hours to 130.66 hours.

**C)** *As to Unsuccessful Claims*

■ As stated in *Hensley*, the "results obtained" factor "is particularly crucial where a Plaintiff is deemed 'prevailing' even though she succeeded on only some of her claims for relief" *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933. In dealing with partially successful claims, two questions are presented. "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Id.* at 434, 103 S.Ct. 1933. The *Hensley* Court then went on to explain in more detail the "related claims" concept.

> It may well be that cases involving such unrelated claims are unlikely to arise with great frequency. Many civil rights cases will present only a single claim. In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

*Hensley,* 461 U.S. at 434–37, 103 S.Ct. 1933.

 The Court finds that the withdrawn Title VII religious and gender discrimination claims were unrelated to the successful retaliation claim. However, the Court also finds that the failed sexual harassment-hostile work environment claim and the successful retaliation claim are related and inextricably linked. Therefore, the Court will make a reduction of five percent for the two withdrawn causes.

In addition, the Court further finds that the Plaintiff's degree of success on the interrelated successful and unsuccessful claims, does not warrant a reduction on the fee award for those claims.

### D) *As to Costs*

The Plaintiff is entitled to reimbursement for the reasonable costs incurred in pursuing the litigation, although payment is not permitted for items which constitute routine office overhead. *See LeBlanc–Sternberg v. Fletcher,* 143 F.3d 748, 763 (2d Cir.1998). The Second Circuit has held that reasonable identifiable out-of-pocket disbursements, which are ordinarily charged to clients, are recoverable. *See United States Football League v. National Football League,* 887 F.2d 408, 416 (2d Cir.1989); *see also Kuzma v. Internal Revenue Service,* 821 F.2d 930, 933–34 (2d Cir.1987) (providing a non-exclusive list of recoverable costs including photocopying, travel and telephone costs).

In this regard the Plaintiff claims costs and disbursements in the sum of $624.90. Candidly, defense counsel does not dispute this reimbursement. The Plaintiff will be award costs in the sum of $624.90. *See* FRCP 54(d)(1).

### CONCLUSION

The Court now recalculates the fee to be awarded to Plaintiff's counsel.

David M. Lira—130.66 hours @ $250 per hour = $32,665.00

| | |
|---|---:|
| Less 5% reduction | 1,633.25 |
| Net Fee | $31,041.75 |
| Plus Costs | 624.90 |
| Total Fee and Costs | $31,666.65 |

Accordingly, it is hereby

**ORDERED**, that the Clerk of the Court is directed to enter judgment in favor of the plaintiff Elizabeth M. Pinner, formerly known as Elizabeth M. Cutrone, against the defendant Budget Mortgage Bankers, Ltd. for punitive damages in the sum of $4,000.00, together with a total attorney's fee of $31,041.75 and costs in the sum of $624.90.

The Clerk is then directed to close this case.

**SO ORDERED.**