**AMERICAN CENTENNIAL INSURANCE COMPANY,**
Appellant,

v.

**O.C. WISER, Appellee.**

Court of Appeals of Kentucky.

Feb. 7, 1986.

Rehearing Denied May 23, 1986.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court July 28, 1986.

---

Joseph L. Arnold, Nunn, Odear & Arnold, Lexington, for appellant.

Phillip S. George, Jr., Lebanon, for appellee.

Before COMBS, MILLER and WILHOIT, JJ.

COMBS, Judge.

This is an appeal from a judgment of the Marion Circuit Court, entered pursuant to a jury verdict in favor of the insured in an action for damages to his tobacco crop.

Appellee obtained tobacco crop hail insurance with appellant through its local agent in Lebanon, Kentucky. The policy covered ten acres of burley tobacco at $800.00 per acre, for a total coverage of $8,000.00. The insured acres were part of a larger property known as the H.P. Morancy Farm.

On July 26, 1981, a hail and wind storm damaged the ten acres of tobacco which was insured with American Centennial. Mr. Wiser telephone the company's local agent to report his loss, and American Centennial sent appraisers to inspect the crop. The company and Mr. Wiser could not agree on a settlement, so Mr. Wiser brought this action for damages under the insurance policy. The jury returned a $4,488.00 verdict in his favor.

Appellant raises numerous issues on appeal which we need not consider, since we conclude that the trial court erred in overruling appellant's motion for summary judgment.

In an action on an insurance policy, the insured must prove compliance with the policy's conditions precedent or a waiver thereof to recover under its terms. *Aetna Life Ins. Co. v. Milward,* 118 Ky. 716, 82 S.W. 364 (1904). Mr. Wiser's policy with American Centennial contains the following provisions:

SUIT

No suit or action on this policy for recovery of any claim shall be sustainable in any court of law or equity unless all of the requirements of this policy have been complied with.

. . . . .

NOTICE OF LOSS

Any claim for loss must be reported in writing by the insured within 120 hours after the occurrence of such claimed loss.

. . . . .

PROOF OF LOSS

Within 60 days after a loss, unless such time is extended in writing by this company ... the insured shall send to this company a statement in proof of loss signed and sworn to by the insured, which shall set forth the number of this policy, the location and description of the damaged crop, the day and hour of the loss, the interest of the insured and all others in such crop ...

This policy required Mr. Wiser to furnish written notice and proof of loss to American Centennial as a condition precedent to recovery. By his own admission, Mr. Wiser did not comply with the policy's provisions. Given these undisputed facts, we conclude that the trial court erred in overruling American Centennial's motion for a directed verdict at the close of the evidence. American Centennial is entitled to judgment under these circumstances as a matter of law. *See* CR 50.01.

Mr. Wiser argues that appellant waived any notice or proof of loss objection by sending its agents to inspect his crop and settle his claim. We do not agree. The policy provides for waiver of its terms, as follows:

No permission affecting this insurance shall exist, or waiver of any provision be valid, unless granted herein or expressed

in writing added hereto. No provision, stipulation or forfeiture shall be held to be waived by any requirement or proceeding on the part of this company relating to any examination provided for herein.

The record contains no written waiver of the notice and proof of loss requirements by American Centennial. Furthermore, the parties agreed that the company's appraisal of a damaged crop would not constitute a waiver of the other policy conditions.

 Our view of the waiver provision is fortified by KRS 304.14-280. KRS 304.14-280 disposes of the question as to the effect of the settlement negotiations. The pertinent part of that statute is as follows:

> Without limitation of any right or defense of an insurer otherwise, *none of the following acts by or on behalf of an insurer shall be deemed to constitute a waiver of any provision of a policy* or of any defense of the insurer thereunder:
>
> (1) Acknowledgement of the receipt of notice of loss or claim under the policy....
>
> (3) Investigating any loss or claim under any policy or engaging in negotiations looking toward a possible settlement of any such loss or claim. [Emphasis added].

The record shows that appellee failed to send appellant written notice and proof of loss which the policy required as a condition precedent to coverage, and that appellant did not waive these conditions. For these reasons, the judgment of the Marion Circuit Court is reversed.

MILLER, J., concurs.

WILHOIT, J., concurs in result.