RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0128P (6th Cir.)
File Name: 03a0128p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

―――――――――――

PETER N. HEYDON and
HENRIETTA HEYDON,
    *Plaintiffs-Appellants,*

    *v.*

MEDIAONE OF SOUTHEAST
MICHIGAN, INC.,
    *Defendant-Appellee.*

No. 01-1303

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 00-71527—Anna Diggs Taylor, District Judge.

Argued: March 14, 2003

Decided and Filed: April 30, 2003

Before: COLE, GILMAN, and BRIGHT, Circuit Judges.[*]

―――――――――――

## COUNSEL

**ARGUED:** Mary M. Otto, LAW OFFICES OF MARY M.
OTTO, Harper Woods, Michigan, for Appellants. Dale R.

―――――――――

[*] The Honorable Myron H. Bright, Circuit Judge of the United States
Court of Appeals for the Eighth Circuit, sitting by designation.

Burmeister, HARVEY KRUSE, P.C., Troy, Michigan, for
Appellee. **ON BRIEF:** Mary M. Otto, LAW OFFICES OF
MARY M. OTTO, Harper Woods, Michigan, for Appellants.
Dale R. Burmeister, William David Adams, HARVEY
KRUSE, P.C., Troy, Michigan, for Appellee.

―――――――――――

## OPINION

―――――――――――

MYRON H. BRIGHT, Circuit Judge. Peter and Henrietta
Heydon (the Heydons) appeal the district court's
determination that it lacked subject matter jurisdiction to
review the Heydons' declaratory judgment complaint seeking
a ruling under the Cable Communications Policy Act (Cable
Act), 47 U.S.C. § 541(a)(2), that the Cable Act did not permit
MediaOne of Southeast Michigan, Inc. (MediaOne) to enter
their farmland to access utility poles without their consent.
We **AFFIRM** the district court's ruling based on lack of
jurisdiction, and **VACATE** the part of the district court's
opinion addressing the merits of the case.

## I.  BACKGROUND

In 1988, the Heydons purchased farmland in Washtenaw
County, Michigan. In the 1930s, the landowners in the area
requested that Detroit Edison provide the area with electricity.
Detroit Edison then erected and maintained utility poles,
including two poles on the Heydons' property. Prior to
purchasing the land, the Heydons did not discover any
recorded easements to their property.

On January 26, 1999, M & D Contracting (M & D) entered
the Heydons' property alongside Joy Road. M & D, acting on
behalf of MediaOne, attempted to string fiber optic cable on
Detroit Edison's utility poles. The utility truck became stuck
in the Heydons' field. A second truck rescued the utility truck
from the field, pulling it back on the road. In the process of
moving the utility truck, the Heydons allege that the truck

knocked down trees and bushes, leaked transmission fluid onto the soil, and left two deep furrows across the land. The Heydons assert that they had no prior knowledge of this activity and did not give permission for MediaOne to enter their land.

The Heydons filed a complaint in Michigan state court alleging common law trespass, common law negligence, and statutory damage to land. After MediaOne filed an answer, the Heydons asked MediaOne to admit that Detroit Edison's easement had not been dedicated or set aside for public use. MediaOne filed a response refusing to admit to the statement. Instead, MediaOne explained that the Cable Act permitted it to use Detroit Edison's utility poles. *See* 47 U.S.C. § 541(a)(2).

On December 29, 1999, the Heydons filed a Motion for Summary Disposition in state court to enjoin MediaOne from entering their property. The Heydons asserted that MediaOne was not allowed to use the Cable Act to piggyback on Detroit Edison's easement. MediaOne responded that *Mumaugh v. Diamond Lake Area Cable TV Co.*, 456 N.W.2d 425 (Mich. Ct. App. 1990), gave cable television franchises in Michigan the right to piggyback on any easement obtained by a utility company. The state court denied the Heydons' motion, concluding a fact question existed regarding the nature of Detroit Edison's easement.

On March 29, 2000, the Heydons filed a declaratory judgment action in federal court asking for a ruling that the Cable Act did not permit MediaOne to enter the Heydons' property or otherwise access Detroit Edison's poles. The Heydons also sought just compensation under the Cable Act as well as an order barring MediaOne from entering their property to install cable in the future.

MediaOne filed a motion to dismiss the federal action on April 21, 2000, alleging that the district court lacked jurisdiction over the Heydons' claims. After hearing oral

arguments, the district court dismissed the Heydons' claims for lack of subject matter jurisdiction because the parties are both residents of Michigan, the controversy addresses matters of state law trespass, and the Cable Act does not provide the Heydons with a private cause of action. The district court entered a written order on September 7, 2000.

Between the hearing and entering the written order in the federal case, the Heydons filed a motion to dismiss the state court action. An order entered on September 6, 2000, dismissed the state court claims.[1]

The Heydons sought reconsideration of the September 7, 2000 federal order. The district court denied the Heydons' motion for reconsideration. The Heydons timely appeal.

## II.  DISCUSSION

We review *de novo* the district court's dismissal of a case based on lack of subject matter jurisdiction. *See Saltsman v. United States*, 104 F.3d 787, 789 (6th Cir. 1997).

Diversity does not exist in this case as the Heydons are citizens of Michigan and MediaOne is a Michigan corporation. Thus, for jurisdiction to exist the claim must "arise[] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a claim arises under federal law must be determined by the application of the well-pleaded complaint rule. *See Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *see also Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1252

---

[1] The order stated (1) the case was administratively closed and the order would have no claim or issue preclusion effect; and (2) "[i]f the federal appeals result in a determination on the merits that Defendant is privileged under the Cable Communications Policy Act of 1984 to utilize the Detroit Edison poles in question in this litigation, this determination shall bar the instant claims under the doctrine of issue and claim preclusion." (J.A. at 408.)

(6th Cir. 1996). The Heydons' complaint must state the existence of a federal question "unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914).

As previously stated, the Heydons' complaint requested a declaratory judgment under 28 U.S.C. § 2201, and alleged damage to land under the Cable Act. Thus in this case, jurisdiction must rest either on the Declaratory Judgment Act or the Cable Act. We conclude that neither supports jurisdiction in this case.

### A. Declaratory Judgment Act

The Heydons assert that federal question jurisdiction exists based on the Declaratory Judgment Act, since they sought a "declaratory judgment addressing the parties' rights and legal relationship" by interpreting the Cable Act. (Appellant's Br. at 16.) We disagree.

We begin with the language of the Declaratory Judgment Act:

> (a) In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201.

The Declaratory Judgment Act does not create an independent basis for federal subject matter jurisdiction. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950); *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937) (explaining that the Declaratory Judgment Act is

procedural only). The Act only provides courts with discretion to fashion a remedy. *See Public Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 241 (1952). Thus, before invoking the Act, the court must have jurisdiction already. *See King v. Sloane*, 545 F.2d 7, 8 (6th Cir. 1976). A plaintiff cannot circumvent the well-pleaded complaint rule by seeking a declaratory judgment that a federal law is unconstitutional or inapplicable if the complaint itself would not otherwise state a federal question. *See Skelly Oil Co.*, 339 U.S. at 671.

Based on well-settled law, the Heydons cannot use the Declaratory Judgment Act to serve as a basis for federal subject matter jurisdiction.

### B. Cable Communications Policy Act

We next consider the Heydons' claims that the Cable Act creates federal subject matter jurisdiction. The Heydons attempt to make two arguments. First, the Heydons rely on MediaOne's defense under the Cable Communications Policy Act. However, this defense does not create federal question jurisdiction for the Heydons. *See Public Serv. Comm'n*, 344 U.S. at 248 ("[I]t is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court"). In this instance, the nature of the underlying claim is one of state law trespass. The federal issue only arises in anticipation of a defense by MediaOne, namely, that the Cable Act gives it access to the Detroit Edison poles on the Heydons' property. Thus, the provision of the Cable Act cited by the Heydons, which may afford MediaOne a defense to a state law trespass action, does not create federal jurisdiction.

Second, the Cable Act does not provide a private cause of action to a private landowner to exclude a cable company

from its land.[2]  Congress passed the Cable Act as a compromise, balancing "the public's right to free flowing information, the local government's interest in franchising and regulating cable operators, the cable industry's desire for growth and stability, and the potential of satellite television to offer valuable competition." *Centel Cable Television Co. v. Admiral's Cove Assocs.*, 835 F.2d 1359, 1361 (11th Cir. 1988).  The main purpose of the Cable Act was the desire to "establish franchise procedures and standards which encourage the growth and development of cable systems." 47 U.S.C. § 521(2).[3]

The Heydons assert that the federal question at issue is the interpretation of the Cable Act, namely "whether it permits a

---

[2]The Heydons have conceded that the Cable Act does not afford them a private right to sue for damages.  (Appellant's Br. at 16, n.3.)

[3]The purposes of the Cable Act are to:

(1) establish a national policy concerning cable communications;

(2) establish franchise procedures and standards which encourage the growth and development of cable systems and which assure that cable systems are responsive to the needs and interests of the local community;

(3) establish guidelines for the exercise of Federal, State, and local authority with respect to the regulation of cable systems;

(4) assure that cable communications provide and are encouraged to provide the widest possible diversity of information sources and services to the public;

(5) establish an orderly process for franchise renewal which protects cable operators against unfair denials of renewal where the operator's past performance and proposal for future performance meet the standards established by this subchapter; and

(6) promote competition in cable communications and minimize unnecessary regulation that would impose an undue economic burden on cable systems.

47 U.S.C. § 521.

---

franchised cable company to access a utility easement on private property that had not been dedicated for public use." (Appellant's Br. at 19.)  The Heydons do not point to any provision of the Cable Act that expressly provides them with a right to pursue their claims in federal court.  Section 541(a)(2), in certain instances, does provide a private cause of action, but only for cable franchises and the consuming public in the installation and expansion of cable facilities.  *See* 47 U.S.C. § 541(a)(2).[4]

The cases which have interpreted this provision of the Cable Act have been brought by cable companies to enforce their rights under the provision. *See Century Southwest Cable Television, Inc. v. CIIF Assoc.*, 33 F.3d 1068, 1071 (9th Cir. 1994) (denying cable operator's right to prevent owner of

---

[4]Section 541(a)(2) states:

(a) Authority to award franchises; public rights-of-way and easements; equal access to service; time for provision of service; assurances

. . . .

(2) Any franchise shall be construed to authorize the construction of a cable system over public rights-of-way, and through easements, which is within the area to be served by the cable system and which have been dedicated for compatible uses, except that in using such easements the cable operator shall ensure–

(A) that the safety, functioning, and appearance of the property and the convenience and safety of other persons not be adversely affected by the installation or construction of facilities necessary for a cable system;

(B) that the cost of the installation, construction, operation, or removal of such facilities be borne by the cable operator or subscriber, or a combination of both; and

(C) that the owner of the property be justly compensated by the cable operator for any damages caused by the installation, construction, operation, or removal of such facilities by the cable operator.

47 U.S.C. § 541.

apartment complexes from terminating cable service); *TCI of N.D., Inc. v. Schriock Holding Co.*, 11 F.3d 812, 814-15 (8th Cir. 1993) (holding no dedicated easement existed to allow cable company statutory authority to piggyback on buried distribution lines); *Cable Holdings of Ga., Inc. v. McNeil Real Estate Fund VI, Ltd.*, 953 F.2d 600, 602 (11th Cir. 1992) (interpreting Cable Act where cable company brought action to compel access to interiors of apartment complexes). Thus, these cases under § 541(a)(2) do not support the Heydons' right to sue MediaOne in federal court.

The Supreme Court has recognized in certain instances a case may "'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust Fund*, 463 U.S. 1, 13 (1983). However, the Court limited the application of *Franchise Tax Board* in *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. at 814. *Merrell Dow* said that Congress's failure to set out a private remedy for violations of the federal statute at issue was "tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." 478 U.S. at 814.

The federal question here is insubstantial. The Heydons' main complaint is for state law trespass. Only after MediaOne asserted a federal defense did the Heydons attempt to pursue the same actions in federal court. Because the Cable Act does not provide the Heydons with a private cause of action, no federal question jurisdiction exists.

## III. CONCLUSION

We **AFFIRM** the district court's dismissal of the Heydons' claims based on lack of subject matter jurisdiction.[5] Without jurisdiction over the action, the district court should not have ruled on the merits of the Heydons' claims. Accordingly, we **VACATE** the part of the district court's ruling addressing the merits of the Heydons' claims.

---

[5]Both parties also argue the case based on ripeness and mootness. Since we have concluded this court lacks subject matter jurisdiction, we need not decide the issues of whether the Heydons' claims are ripe or moot.