Dr. Mac **TRUONG (DMT), Humayun Khan, Rosenthal Tamaklo, Daniel Medina, Regine L. Bonneau, Plaintiffs,**

v.

**AMERICAN BIBLE SOCIETY, Defendant.**

No. 04 Civ. 5043(LAP).

United States District Court, S.D. New York.

March 18, 2005.

---

Mac Truong, New York City, Pro se.

Humayun Khan, Elmhurst, NY, Pro se.

Rosenthal Tamaklo, New York City, Pro se.

Daniel Medina, Lindenwood, NY, Pro se.

Regine L. Bonneau, Lindenwood, NY, Pro se.

Thomas Patrick Higgins, Higgins & Trippett LLP, New York City, for Defendant.

## OPINION AND ORDER

PRESKA, District Judge.

Defendant American Bible Society ("Defendant" or "ABS") moves to dismiss the complaint: (1) pursuant to Fed. R. Civ. Proc. 12(b)(1), due to the lack of subject matter jurisdiction over the purported claim of the plaintiffs; and (2) pursuant to Fed. R. Civ. Proc. 12(b)(6), for failure of the complaint to state a claim upon which relief can be granted. For the reasons set out below, the motion is granted.

### I. *Background*

The complaint was served upon defendant on June 28, 2004. In lieu of answering the complaint, defendant timely filed the instant motion to dismiss.

Defendant is a well-known publisher of the Holy Bible. *Pro se* plaintiffs claim to

be persons who are "injured and/or libeled and/or defamed and/or slandered and/or embarrassed, and/or humiliated and/or degraded and/or abused, and/or discriminated against" by the Holy Bible. *See* Complaint dated June 20, 2004 ("Cmplt.") at ¶ 14. The complaint lists eight passages from Scripture, specifically from the Book of Genesis, which are purportedly "false and libelous against plaintiffs herein since according to the 'Holy Bible' plaintiffs herein should not have existed, and/or had they existed they must have been creatures of an ego-maniac, liar and cruel and monstrous mass murderer known as the LORD God of the 'Holy Bible.'" (Cmplt., ¶ 24) The complaint further avers that the passages from the Bible state that plaintiffs "must have been deprived of intelligence, reason, reasonability, and freedom of choice." (Cmplt., ¶ 24)

As a remedy for the purported harm caused by the Holy Bible's content, the *pro se* plaintiffs are asking this Court to declare that the Holy Bible "contains a mixture of fact and fiction." (Cmplt., 4) Plaintiffs are also asking this Court to issue an injunction against ABS (as well as "any other publisher of said book," (Cmplt., 4)), compelling ABS to place a warning in each copy of the Holy Bible which states: "This Book-the Holy Bible-contains a mixture of facts and fiction and that the publisher is not responsible for any inference that a reader may have drawn therefrom." (Cmplt., 4) Finally, plaintiffs are asking to be awarded attorneys' fees.

While our court system prides itself on being fair and open to all, and while this Court must be particularly solicitous of *pro se* litigants who do not have the benefit of counsel, it is apparent that the instant complaint is wholly frivolous and must be dismissed.

## II. *Discussion*

### A. *There is no subject matter jurisdiction*

#### 1. *Federal Question*

■ The complaint states that it raises a "federal question," (Cmplt., ¶ 2), and thus subject matter jurisdiction is purportedly predicated on 28 U.S.C. § 1331. Yet the allegations of the complaint show that there is no federal question.

The complaint states, essentially, that the Holy Bible contains falsehoods, and that such falsehoods harm plaintiffs' reputations ("libelous", "defamatory," "slanderous"), or are otherwise offensive to plaintiffs ("extremely offensive", "humiliating", "discriminating", "threatening", "intimidating", "menacing", "degrading"). (Cmplt., ¶ 13) Most charitably viewed, these allegations purport to sound in defamation, which is not a federal question. *See Box Tree South, Ltd. v. Bitterman,* 873 F.Supp. 833, 844 (S.D.N.Y.1995).

In the opposition papers, plaintiffs seem to rely on defendant's First Amendment rights in arguing that a federal question is presented. For example, among the purported federal questions presented is whether "Defendant's right under the First Amendment allows them to publish the libelous statements in the Holy Bible?" (Pl. Mem. of Law at 4) However, federal jurisdiction must be apparent from the the well-pleaded complaint; reliance on an assumed defense is insufficient. *See, e.g., Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).

Moreover, while the complaint seeks a "declaration" from this Court, it is well settled that the "Declaratory Judgment Act does not create an independent basis for federal subject matter jurisdiction." *Heydon v. MediaOne of Southeast Michigan, Inc.,* 327 F.3d 466, 470 (6th Cir.2003);

see also Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671–73, 70 S.Ct. 876, 94 L.Ed. 1194 (1950)(discussing requirements of federal question in declaratory judgment cases). Accordingly, it is apparent that no federal question is presented by plaintiffs' complaint.

### 2. Diversity

While plaintiffs do not specifically assert that this Court has diversity jurisdiction, it is apparent that there is no diversity jurisdiction in the instant matter.

■ The federal courts have diversity jurisdiction over disputes between citizens of different states where the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. Four of the plaintiffs purport to reside in New York, while one purports to reside in New Jersey. (Cmplt., ¶¶ 5–9) Defendant concedes that it is a citizen of New York for purposes of diversity jurisdiction. In order to satisfy diversity jurisdiction, there must be complete diversity—all plaintiffs must have citizenship that is different from a defendant. See, e.g., Ganoe v. Lummis, 662 F.Supp. 718, 723 (S.D.N.Y.1987), aff'd, 841 F.2d 1116 (2d Cir.1988), cert. denied, 487 U.S. 1206, 108 S.Ct. 2848, 101 L.Ed.2d 886 (1988). Because ABS and four of the five plaintiffs have citizenship in New York, there is no diversity citizenship. In response, plaintiffs request the opportunity to amend their complaint to drop the New York residents. Because the complaint fails to state a claim upon which relief can be granted, see, infra, amendment in this regard would be futile, and thus is denied.

### B. The complaint fails to state a claim

■ As is clear on its face and in plaintiffs' briefing on this motion, the complaint purports to state a claim for defamation. Under New York law,[1] a libel plaintiff must prove five elements: (1) a written defamatory statement of fact regarding the plaintiff; (2) published to a third party by the defendant; (3) defendant's fault, varying in degree depending on whether plaintiff is a private or a public party; (4) falsity of the defamatory statement; and (5) injury to plaintiff. Meloff v. New York Life Ins. Co., 240 F.3d 138, 145 (2d Cir. 2001).

■ Here, the alleged defamatory statements are contained in the Holy Bible, and this Court can take judicial notice of the fact that the most recent portions of Bible are not less than 1900 years old. Having predated the birth of plaintiffs by almost two thousand years, it is apparent that plaintiffs cannot establish the first of the five elements, i.e., statements of fact of and concerning plaintiffs. See, e.g., Davis v. Costa–Gavras, 619 F.Supp. 1372, 1375 (S.D.N.Y.1985).

■ Moreover, to the extent that the plaintiffs are members of a certain class that is purportedly defamed by the Holy Bible—and there is nothing in the complaint to support this view, other than the allegation that "people similarly situated" to plaintiffs have also been harmed, (Cmplt., ¶ 13), it is clear that "group libel" is not actionable under New York law. See National Nutritional Foods Association v. Whelan, 492 F.Supp. 374, 380 (S.D.N.Y.1980). A plaintiff not individually identified must nevertheless establish that the alleged defamatory remark was directed at a specific group that is sufficiently small so that the disparaging terms may be said to apply to all members of the group. Id.; see also Abramson v. Pataki,

---

1. While the complaint does not specify which State's law should apply, to the extent that the complaint sounds in defamation, defendant has assumed that New York law would be applicable herein. See Celle v. Filipino Reporter Enterprises, Inc., 209 F.3d 163, 175 (2d Cir.2000).

278 F.3d 93, 102 (2d Cir.2002). Here, the complaint contains no such allegations, and thus fails the first prong of New York's five-part test for stating a claim of defamation.

Conceding the second element of defamation—that the Holy Bible has been widely published by ABS—it is nevertheless apparent that the complaint fails to include the other elements.

As for the third element, the complaint fails to allege defendant's fault, or "malice," in any sufficient fashion. Without addressing all the different standards governing defamation claims, and putting aside important First Amendment issues that are not implicated by defendant's motion, it is sufficient to note that plaintiffs have not alleged that defendant had "common law" malice, or ill will, toward plaintiffs. *See Town of Massena v. Healthcare Underwriters*, 98 N.Y.2d 435, 749 N.Y.S.2d 456, 460, 779 N.E.2d 167 (2002). Nor have the plaintiffs alleged "constitutional" malice, which in the case at hand would essentially contemplate gross negligence by defendant toward plaintiffs. *See Liberman v. Gelstein*, 80 N.Y.2d 429, 590 N.Y.S.2d 857, 862–63, 605 N.E.2d 344 (1992); *see also Contemporary Mission Inc. v. New York Times Co.*, 665 F.Supp. 248, 262–63 (S.D.N.Y.1987), aff'd, 842 F.2d 612 (2d Cir. 1988), *cert. denied, O'Reilly v. New York Times Co.*, 488 U.S. 856, 109 S.Ct. 145, 102 L.Ed.2d 117 (1988). Because the complaint fails to allege any "fault" by defendant, it fails to satisfy the third element.

As for the fourth element, the complaint fails to allege the falsity of the purportedly defamatory statements. In the case at hand, the complaint refers generally to the alleged falsity of the Holy Bible, particularly of the portions of the Book of Genesis cited in the complaint. (Cmplt., ¶¶ 17–23) Yet this Court can take judicial notice of the fact that men have been arguing over the truth or falsity of the Holy Bible since time immemorial. Moreover, plaintiffs cannot demonstrate the falsity of the statements from the Holy Bible recited in the complaint (*e.g.*, that God did not make the firmament, *see* Cmplt. ¶ 17; or that God did not make the sun and the moon, *see* Cmplt. ¶ 18; or that God did not make man in His image, *see* Cmplt. ¶ 19, and so on). As the Supreme Court has stated, "there is no such thing as false idea." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 339, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974). While plaintiffs are entitled to their opinion about the truth or falsity of the Holy Bible, defendant is equally entitled to its opinion. *Id.; H & R Industries, Inc. v. Kirshner*, 899 F.Supp. 995, 1009 (E.D.N.Y.1995)(expression of opinion is absolutely protected under the First Amendment); *Wait v. Beck's North America, Inc.*, 241 F.Supp.2d 172, 182 (N.D.N.Y.2003)(expression of opinion is absolutely protected under New York law). Since the plaintiffs take issue with the truthfulness of notions in the Holy Bible that cannot be shown to be false in a court of law, the complaint fails to meet the fourth element of New York's test for defamation.

Finally, the complaint fails to allege any specific injury from statements contained in the Holy Bible and thus fails to meet the fifth element in a defamation claim. *Meloff v. New York Life Ins. Co.*, 240 F.3d at 145. Based on the foregoing, the complaint fails to state a claim for defamation under New York law.

## III. *Conclusion*

Accordingly, Defendant's motion to dismiss is granted (Docket No. 3), and the Clerk of the Court shall mark this action closed and all pending motions denied as moot.

SO ORDERED.