NOT RECOMMENDED FOR PUBLICATION
File Name: 08a0594n.06
Filed: October 2, 2008

No. 07-5855

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ONE BEACON INSURANCE COMPANY, )
)
  Plaintiff-Appellee, )   ON APPEAL FROM THE UNITED
)   STATES DISTRICT COURT FOR THE
v. )   EASTERN DISTRICT OF KENTUCKY
)
GERARD JOHN CHIUSOLO and ORION )   OPINION
FARMS, LLC, )
)
  Defendants-Appellants. )
            )

**Before: DAUGHTREY, GILMAN, and ALARCÓN, Circuit Judges.**[*]

**RONALD LEE GILMAN, Circuit Judge.** Gerard John Chiusolo owns a horse farm in Paris, Kentucky. He filed a claim with One Beacon Insurance Company, the provider of coverage for property loss on the farm, after a fire destroyed one of the horse barns. Suspecting arson, One Beacon launched an investigation. It concluded that the fire had been started by Chiusolo himself. After refusing to cover the loss, One Beacon filed a declaratory-judgment action in federal court that sought a ruling regarding its coverage responsibilities.

The district court granted summary judgment to One Beacon, holding that Chiusolo had (a) failed to return a proof-of-loss form within the time period required by the policy, and (b) made material misrepresentations on the policy application, thus barring coverage as a matter of law. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

---

[*]The Honorable Arthur L. Alarcón, Senior Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation.

# I. BACKGROUND

Chiusolo bought a horse farm in Paris, Kentucky on May 6, 2003 in order to breed thoroughbred racehorses. He had previously lived in Bernardsville, New Jersey, where he owned a construction business. On the same day that Chiusolo purchased the farm, he applied for an insurance policy through an independent agent, John Galloway, that would cover any property losses on the farm. Chiusolo contends, and One Beacon does not deny, that Galloway filled in all of the information on the policy application, which Chiusolo simply signed. Galloway checked "yes" next to the following statement on the application:

> The described insured premises are the only premises which the applicant or spouse owns, rents, operates as a farm or ranch, or maintains as a residence other than business property. If no, explain.

He also checked "Y" for "yes" beside the item "MAIN DWELLING." Contrary to these representations, however, Chiusolo retained a large home in New Jersey and spent only half of the year, at most, in Kentucky during the relevant period. And even when Chiusolo was present in Kentucky, he did not actually stay on the insured property; he instead rented a house on adjacent property due to ongoing renovations of the farm house. Whether Chiusolo resided full-time in the farm house was important to One Beacon's evaluation of the risk assumed because seasonally occupied properties pose a greater risk of fire and theft.

Based on the information contained in the application, One Beacon issued a property insurance policy to Chiusolo d/b/a Orion Farms, LLC. (Chiusolo is the sole owner of Orion Farms, LLC, which is also an appellant in this action. This opinion will refer to the appellants collectively as Chiusolo.) The policy at issue in this lawsuit was a renewal of the original one-year policy and was effective from May 6, 2004 to May 6, 2005. One Beacon presumably based its renewal of the

2

policy on the original 2003 application because no renewal application has been included in the record or discussed in One Beacon's briefs.

On the evening of October 30, 2004, approximately 18 months after Chiusolo bought the farm, a fire broke out in the older of two horse barns on the property. Chiusolo testified that, on the day of the fire, his farmhand had left the premises between 2:00 p.m. and 4:00 p.m., after which the gates to the farm's driveway were locked. Around 5:45 p.m., Chiusolo visited the farm to perform his routine night watch. He parked his rented car at the barn, checked on the horses, and then drove a utility cart to the farmhouse. When Chiusolo later opened the door to let his dogs out, he saw a fire in the distance and drove his pickup truck to the horse barn. Fire trucks had already arrived on the scene by the time Chiusolo got there. He assumes that the firefighters cut through the locks on the gate. The fire completely destroyed the barn, burning with such intensity that the wooden portions of the barn were reduced to charcoal and metal rods in the stall doors melted.

On November 1, 2004, Chiusolo notified One Beacon of the fire and pursued a claim for coverage under the policy. He sought the $364,000 policy limit for loss of the horse barn and its contents. During One Beacon's subsequent investigation of the claim, it retained the services of two separate arson investigators, John Logdon and Alex Ahart, to examine the site of the fire. Although Logdon's conclusions are unclear from the record, Ahart determined "within a reasonable degree of scientific certainty" that the fire was intentionally set. In fact, Chiusolo told a One Beacon investigator that officers of the Kentucky State Police—after conducting their own arson investigation—thought that he had set the fire, based in part on a police dog alerting to the smell of accelerants in the barn.

The policy imposed certain duties on Chiusolo in connection with the investigation, such as submitting a complete inventory of damaged goods, providing access to financial records, participating in an examination under oath, and sending a sworn proof of loss within 60 days of One Beacon's request. Whether Chiusolo complied with some of these duties, such as providing timely access to financial records, is disputed by the parties. The one thing that is clear, however, is that Chiusolo did not return the required proof-of-loss form first requested by One Beacon on December 21, 2004 until March 10, 2005—almost three weeks after the 60-day deadline mandated by the policy.

One Beacon filed a petition for a declaratory judgment in the United States District Court for the Eastern District of Kentucky in May 2005, seeking a ruling that it had no obligation to provide coverage for Chiusolo's claims in connection with the horse-barn fire. In its subsequent motion for summary judgment, One Beacon argued that it was entitled to a declaratory judgment because Chiusolo (1) intentionally burned the barn, (2) made material and/or fraudulent misrepresentations in his insurance application, (3) failed to produce requested financial documents, and (4) failed to timely submit a sworn proof of loss. The district court issued a memorandum opinion and order granting summary judgment to One Beacon in June 2007. *One Beacon Ins. Co. v. Chiusolo*, No. 5:05-201-JMH, 2007 U.S. Dist. LEXIS 43298, at *12 (E.D. Ky. June 13, 2007). Although it found that genuine issues of material fact existed as to whether Chiusolo intentionally burned the barn and whether he failed to produce financial documents, it held that Chiusolo had materially misrepresented on the policy application that the farm was his only residence and that he had failed to return a proof-of-loss form within 60 days of One Beacon's request. *Id.* at *9-10. This timely appeal followed.

4

## II. ANALYSIS

### A. Standard of review

We review de novo a district court's grant of summary judgment. *Int'l Union v. Cummins, Inc.*, 434 F.3d 478, 483 (6th Cir. 2006). Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the district court must construe all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). *Id.*

### B. The Declaratory Judgment Act and federal jurisdiction

As a threshold matter, we will briefly address Chiusolo's assertion that the filing of this action in federal court by One Beacon represents a misuse of the Declaratory Judgment Act, 28 U.S.C. § 2201. Specifically, Chiusolo maintains that insurers should not be permitted to file declaratory judgment actions regarding insurance coverage in federal court. One Beacon responds by pointing out that Chiusolo did not raise this issue in the court below. In general, we are unwilling to consider an argument not raised in the district court and presented for the first time on appeal. *United States v. Ellison*, 462 F.3d 557, 560 (6th Cir. 2006). But challenges to the district court's subject-matter jurisdiction are not waived by a failure to raise them below, and can be raised "at any time in the same civil action, even initially at the highest appellate instance." *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004).

Chiusolo's argument has therefore not been waived. He nonetheless misconstrues the nature of the Declaratory Judgment Act, which provides in relevant part as follows:

> In a case of actual controversy within its jurisdiction . . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a). The Declaratory Judgment Act does not provide an independent basis for jurisdiction. Rather, it provides courts with discretion to fashion a remedy in cases where federal jurisdiction already exists. *Heydon v. MediaOne of Southeast Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003). In this case, the jurisdiction of the district court to hear One Beacon's declaratory-judgment action properly arose out of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**C.    The summary-judgment decision was not based on "new claims"**

Chiusolo next argues that the case should be remanded because the issues on which the district court granted summary judgment (material misrepresentation and untimely proof of loss) were allegedly not raised in One Beacon's action for a declaratory judgment. On the assumption that One Beacon first raised these arguments in its summary-judgment brief, Chiusolo contends that they constituted an "unfair surprise" and should not have been ruled on by the district court.

We conclude that Chiusolo's argument is without merit. To start with, the assertion that One Beacon did not include these ultimately dispositive issues in its suit for a declaratory judgment is inaccurate. Rule 8(a) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The complaint must contain either direct or inferential allegations

6

with respect to all material elements necessary to sustain a recovery under some viable theory. *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993).

One Beacon satisfied these requirements in its allegations of material misrepresentation and a dilatory proof of loss. Paragraph 15 of the amended complaint reads as follows:

> Chiusolo stated on the application that [the farm] was the only property which he owned, rented, operated as a farm, or maintained as a residence. However, in reality Chiusolo also owned a very large home in Bernardsville, New Jersey subject to a mortgage of $1,700,000. One Beacon first learned of Chiusolo's New Jersey home after the fire.

Further, Paragraph 24 states that One Beacon seeks a coverage declaration as to "whether Chiusolo has complied with certain duties and conditions as required by the Policy . . . ." These portions of the amended complaint supply sufficient notice of the issues that were ultimately ruled upon in summary judgment to satisfy the federal courts' liberal pleading standard.

Finally, these issues were discussed in depth in One Beacon's brief in support of its motion for summary judgment. Chiusolo subsequently had every opportunity to request that the court defer a ruling on the summary-judgment motion and order further discovery as provided by Rule 56(f) of the Federal Rules of Civil Procedure. But he did not do so. His claim of surprise is therefore without merit. *See Campbell v. Int'l Paper Co.*, 138 F. App'x 794, 797 (6th Cir. 2005) (declining to hear a claim on appeal that was disclosed for the first time in a response to summary judgment because the appellant did not raise the issue under Rule 56(f)); *see also Ellison*, 462 F.3d 557 at 560 (stating that this court will generally decline to consider an argument not raised before the district court).

**D.      The district court's grant of summary judgment to One Beacon was proper**

The policy contains the following provision under the heading "Duties In The Event Of Loss Or Damage":

> You must see that the following are done in the event of loss of damage to Covered Property:
>
> . . .
>
> h. Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

One Beacon sent a letter to Chiusolo, dated December 21, 2004, clearly specifying that the proof-of-loss form "should be returned to us within 60 days of our request or February 19, 2005." The company reiterated the request and the February 19 due date via additional letters sent to Chiusolo on the 7th and 27th of January 2005. Despite these reminders, Chiusolo failed to timely submit the form. Instead, he completed and signed the proof of loss on March 3, 2005, and did not mail it to One Beacon until March 10, 2005.

Chiusolo failed to address the proof-of-loss issue in any way at the district court level. On appeal, he advances various factual arguments regarding the timing of his receipt of One Beacon's request for the proof of loss, but does not ultimately dispute that he was aware well before the February 19, 2005 deadline that One Beacon had made its request for the document on December 21, 2004. Chiusolo's arguments on this issue have been waived by his failure to raise them below. *See In re Hood*, 319 F.3d 755, 760 (6th Cir. 2003) (arguments not raised below are generally waived on appeal).

Even absent such a waiver, Chiusolo would clearly lose on the merits of this issue. Counsel for Chiusolo asserted during oral argument that Chiusolo received no notice of One Beacon's request for a written proof of loss until January 6 or 7, 2005. But that still would not help him, since

8

Chiusolo's submission of the proof-of-loss form postmarked on March 10 would have been untimely even if we accepted January 7 as the start date for the 60-day deadline.

Notice provisions such as the policy's proof-of-loss clause are generally enforceable under Kentucky law. *See, e.g., American Centennial Ins. Co. v. Wiser*, 712 S.W.2d 345, 346 (Ky. Ct. App. 1986). We are aware that the Kentucky Supreme Court, in *Jones v. Bituminous Casualty Corp.*, 821 S.W.2d 798 (Ky. 1991), adopted an exception to this general rule. It held that an insurer cannot deny coverage due to an insured's untimely compliance with a notice provision unless the insurer can prove that it suffered substantial prejudice from the delay. *Id.* at 802-803. The insurance policy addressed in *Jones* was for workers' compensation coverage; whether *Jones* applies to *all* types of insurance is not entirely settled. *Compare Hiscox Dedicated Corp. Member Ltd. ex rel. Underwriting Syndicates 33 v. Wilson*, 246 F. Supp. 2d 684, 693-694 (E.D. Ky. 2003) (declining to apply *Jones* in the specialized context of equine insurance), *with Ky. Associated Gen. Contrs. Self-Insurers' Fund v. Old Republic Ins. Co.,* No. 3:06CV-62-R*,* 2008 U.S. Dist. LEXIS 13178, at *31-32 (W.D. Ky. Feb. 21, 2008) (distinguishing *Hiscox* and stating that *Jones* "remains the standard in Kentucky for notice issues under insurance policies"). We need not address the applicability of the *Jones* exception, however, because Chiusolo failed to raise it—either directly or indirectly—in the district court or on appeal. *See In re Hood*, 319 F.3d at 760 (holding that arguments not raised below are generally waived on appeal).

Because we are affirming the district court's grant of summary judgment to One Beacon on the proof-of-loss issue, we find no need to address Chiusolo's other assertions of error regarding the district court's decision.

## E.     One Beacon's disagreement with portions of the district court's opinion

9

As a final point, we note that One Beacon devotes a substantial portion of its response brief to the argument that the district court should have granted it summary judgment on the additional grounds that Chiusolo voided coverage by (a) intentionally starting the fire, and (b) failing to timely produce the financial records requested of him. Chiusolo replies that these issues are improperly before us because One Beacon did not file a cross-appeal. We agree. "This court has held that the filing of a notice of cross-appeal is jurisdictional where an appellee wishes to attack part of a final judgment in order to enlarge his rights or to reduce those of his adversary." *Francis v. Clark Equip. Co.*, 993 F.2d 545, 552 (6th Cir. 1993). One Beacon's arguments are just such an attempt to attack the district court's denial of summary judgment on these additional grounds. Due to the lack of a cross-appeal, these arguments cannot be considered. Nor do they need to be in light of our affirmance on the untimely proof-of-loss issue.

### III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.