**AMCAT GLOBAL, INC., Plaintiff,**

v.

**Stephen L. YONATY, Greater Binghamton Development, LLC., and Rogers Service Group, Inc., Defendants.**

3:16-CV-269

United States District Court, N.D. New York.

Signed June 14, 2016

MENTER, RUDIN LAW FIRM, Attorneys for Plaintiff, 308 Maltbie Street, Suite 200, Syracuse, NY 13204, MICHAEL J. BALESTRA, ESQ., MICHAEL J. KATZ, ESQ.

OFFICE OF REMY R. PEROT, Attorneys for Defendant Stephen L. Yonaty, 222 Water Street, Suite 222, Binghamton, NY 13901, CHRISTOPHER D. GRACE, ESQ.

OFFICE OF RONALD R. BENJAMIN, Attorneys for Defendant Greater Binghamton Development, LLC., 126 Riverside Drive, P.O. Box 607, Binghamton, NY 13902, RONALD R. BENJAMIN, ESQ.

HINMAN, HOWARD LAW FIRM, Attorneys for Defendant Rogers Service Group, Inc., P.O. Box 5250, 80 Exchange Street, 700 Security Mutual Building, Binghamton, NY 13902, ROBERT H. WEDLAKE, ESQ.

## MEMORANDUM–DECISION and ORDER

DAVID N. HURD, United States District Judge

## I. INTRODUCTION

Defendant Greater Binghamton Development, LLC ("GBD") has removed this breach of contract action to federal court based on an order issued in Supreme Court, Broome County, directing GBD to show cause why its counsel, Attorney Ronald Benjamin, and fellow defendant Stephen L. Yonaty ("Yonaty"), an escrow agent holding funds subject to a judgment secured by plaintiff Amcat Global, Inc. ("Amcat"), should not be held in contempt.

According to GBD, the issuance of this show-cause order justifies removal because it infringes upon the First Amendment right of Attorney Benjamin to zealously advocate on his client's behalf. Amcat has moved to remand the action to state court based on a lack of subject matter jurisdiction. The motion has been fully briefed and will be considered on the basis of the submissions and without oral argument.

## II. BACKGROUND

In late 2010, Amcat, a Florida corporation based in Tennessee that provides disaster remediation services, contracted with GBD, a domestic corporation based in Binghamton, New York, to clean up mold and water damage resulting from the activation of a sprinkler system in one of GBD's buildings.

These services were to be paid for by Peerless Insurance Company ("Peerless"), a non-party to this action, pursuant to a casualty insurance policy held by GBD. However, after the completion of extensive renovations to the building, a dispute arose between plaintiff, Peerless, and GBD over the proper cost of these services. The parties entered into an Escrow Agreement that provided Yonaty, an escrow agent, would hold $956,222.57 as security until this payment dispute could be resolved.

On March 13, 2015, following a bench trial before the Honorable Molly Reynolds Fitzgerald of the New York State Supreme Court, Broome County, a Decision & Order issued finding that GBD had breached its contract with Amcat. Thereafter, a judgment was entered in Amcat's favor for $1,293,044.25. GBD filed an appeal with the Appellate Division, Third Department, which remains pending.

On August 5, 2015, Amcat petitioned Justice Fitzgerald for an order compelling Yonaty to release the funds being held in escrow; GBD responded in opposition and requested a stay pending the outcome of its appeal.

On January 26, 2016, Justice Fitzgerald denied GBD's request for a stay and directed Yonaty to release the escrow funds to Amcat. In response to this Order, Attorney Benjamin wrote to Yonaty on January 29, 2016 informing him that GBD believed "no funds may be released until the parties have resolved their issues with the judicial system," which, at least according to Attorney Benjamin, meant an "order of the Appellate Division rather than simply [an order by Justice Fitzgerald]."

And although Attorney Benjamin indicated that "GBD has no objection to the release of the funds so long as [Amcat] obtains a bond in the amount of $1,200,000," the letter further warned Yonaty:

I want to conclude by noting that as the escrow agent in this agreement your fiduciary duty is to both parties, and release of any funds under the circumstances of the instant case would simply be improper and leaves GBD no recourse but to proceed against you for money damages that may ensue, which would be crystal clear if indeed there is a reversal by the Appellate Division.

Upon being informed of the contents of this letter, Justice Fitzgerald issued an order dated February 29, 2016 directing Yonaty to show cause why he should not be held in contempt for failing to obey the January 26 Order directing him to disburse the escrow funds. Justice Fitzgerald's show-cause order also directed Attorney Benjamin to explain why he should not be punished for his role in suborning that contempt.

On March 7, 2016, GBD invoked federal-question jurisdiction and removed the action to this forum, which has stayed any further proceedings related to Justice Fitzgerald's show-cause order.

## III. LEGAL STANDARD

A civil action initially filed in state court may only be removed to federal court if the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) ("Only state-court actions that could have

been filed in federal court may be removed to federal court by the defendant.").

■ Removability pursuant to this statute is "strictly construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." In re Facebook, Inc., IPO Sec. & Derivative Litig., 922 F.Supp.2d 475, 480 (S.D.N.Y.2013) (citation omitted). Simply put, "all doubts should be resolved in favor of remand." Town of Southold v. Go Green Sanitation, Inc., 949 F.Supp.2d 365, 371 (E.D.N.Y.2013) (citation omitted).

The basic statutory grants of federal subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. See, e.g., Arbaugh v. Y & H Corp., 546 U.S. 500, 513, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). The former provides for so-called "federal-question jurisdiction," and is properly invoked when a plaintiff "pleads a colorable claim 'arising under' the Constitution or laws of the United States." Id. The latter, which provides for jurisdiction based on "diversity of citizenship," is properly invoked when the pleader presents a claim between parties of completely diverse citizenship and the amount in controversy exceeds $75,000. Id.

■ "Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." Goel v. Ramachandran, 823 F.Supp.2d 206, 210 (S.D.N.Y.2011) (quoting United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir.1994)). "A district court must remand a case to state court 'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" Vera v. Saks & Co., 335 F.3d 109, 113 (2d Cir.2003) (quoting 28 U.S.C. § 1447(c)).

## IV. DISCUSSION

GBD asserts that it has identified a federal question that supports removal: "whether or not the state court [showcause] order contravened GBD's rights under the First Amendment of the Constitution of the United States." Amcat responds that this is an improper basis for removal and asserts that the action must be remanded.

"Absent diversity of citizenship, whether federal courts have federal question jurisdiction is typically governed by the long-standing well-pleaded complaint rule, in which a 'suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" In re Facebook, Inc., IPO Sec. & Derivative Litig., 922 F.Supp.2d at 480 (quoting Vaden v. Discover Bank, 556 U.S. 49, 60, 129 S.Ct. 1262, 173 L.Ed.2d 206 (2009)).

■ This determination "requires a limited inquiry, looking only at the Plaintiff's original cause of action to ascertain whether it includes a federal question while ignoring any and all answers, defenses and counterclaims." Town of Southold, 949 F.Supp.2d at 370. Accordingly, "[u]nder the well-pleaded complaint rule, the plaintiff is the master of the complaint, free to avoid jurisdiction by pleading only state claims even where a federal claim is also available." Veneruso v. Mt. Vernon Neighborhood Health Ctr., 933 F.Supp.2d 613, 619 (S.D.N.Y.2013) (quoting Marcus v. AT & T Corp., 138 F.3d 46, 52 (2d Cir.1998)).

■ "However, there exists a corollary to the well-pleaded complaint rule—the 'artful pleading' rule—pursuant to which plaintiff cannot avoid removal by declining to plead 'necessary federal questions.'" Romano v. Kazacos, 609 F.3d 512, 518–19 (2d Cir.2010) (quoting Rivet v. Regions Bank,

522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998)).

"One application of [the artful pleading] rule is the 'substantial federal question doctrine,' which recognizes that 'in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." In re Standard & Poor's Rating Agency Litig., 23 F.Supp.3d 378, 393 (S.D.N.Y.2014) (quoting Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005)).

Grable, the leading case on the "substantial federal question doctrine," involved a suit to quiet title to property seized from the plaintiff by the Internal Revenue Service ("IRS") in satisfaction of a federal tax delinquency, which was then sold to the defendant. 545 U.S. at 311, 125 S.Ct. 2363. According to the plaintiff, defendant's title was invalid because the IRS had failed to comply with certain notice requirements under federal law. Id. The defendant removed the case to federal court on the basis of that assertion. Id.

■ Ultimately, the Supreme Court held that "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." In re Standard & Poor's Rating Agency Litig., 23 F.Supp.3d at 394 (quoting Gunn v. Minton, —— U.S. ——, 133 S.Ct. 1059, 1065, 185 L.Ed.2d 72 (2013)).

Importantly, though, the Supreme Court has made clear that Grable supports the exercise of federal jurisdiction over only a "special and small category" of cases. Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006). For instance, "[t]he 'mere presence' of a federal issue in a state cause of action" or the "mere asser-

tion of a federal interest" are insufficient to confer federal jurisdiction pursuant to this doctrine. Veneruso, 933 F.Supp.2d at 622 (citations omitted).

■ "Nor does the presence of a federal defense suffice—'even if the parties concede that the defense is the only disputed issue in the case' and, in that sense, 'necessary to the resolution' of the state law claim." In re Standard & Poor's Rating Agency Litig., 23 F.Supp.3d at 395 (citation omitted). "And finally, if a claim does not present 'a nearly pure issue of law, one that could be settled once and f or all and thereafter would govern numerous ... cases,' but rather is 'fact-bound and situation specific,' federal-question jurisdiction will generally be inappropriate." Id. (citation omitted).

■ With these principles firmly in mind, this case must be remanded to state court. Neither the underlying civil complaint in the state court action nor the show-cause order provide any apparent basis for federal-question jurisdiction in light of the well-pleaded complaint rule, since the former alleges only state law claims for relief based on a contract dispute and the latter refers only to state law bases on which a party or its counsel may be punished for non-compliance with the directives of a state court.

■ Instead, GBD's counsel's assertion of a First Amendment right is essentially an attempt to interpose a defense based on the protections allegedly afforded to him by the federal constitution. But a federal defense does not ordinarily provide a proper basis for removal, since "state courts, being of equal dignity with federal courts, are equally competent to address that potential defense." Abbo–Bradley v. City of Niagara Falls, 2013 WL 4505454, at *5 (W.D.N.Y. Aug. 22, 2013) (quoting Giles v.

NYLCare Health Plans, Inc., 172 F.3d 332, 339 (5th Cir.1999)).

To be sure, the Second Circuit has recognized that "contempt proceedings, which carry the threat of coercive sanctions, implicate First Amendment values." Newsday LLC v. Cnty. of Nassau, 730 F.3d 156, 164 (2d Cir.2013). But the m ere fact that GBD's counsel may be "threatened by an allegedly unconstitutional contempt proceeding does not make removal proper." Estate of Kelly v. Gagliano, 2014 WL 950050, at *4 (E.D.N.Y. Mar. 11, 2014).

Indeed, the few courts faced with this sort of assertion of federal-question jurisdiction have rejected it out of hand. See, e.g., Asher v. A.G. Edwards & Sons, Inc., 272 Fed.Appx. 357, 358 (5th Cir.2008) (unpublished disposition) (noting it is "obvious" that a state court contempt proceeding is not removable pursuant to the Supreme Court's decision in Juidice v. Vail, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977)); Truong v. Am. Bible Soc'y, 367 F.Supp.2d 525, 527 (S.D.N.Y. 2005) (rejecting defendant's assertion of First Amendment rights as basis for federal-question jurisdiction); Children's Vill. v. Greenburgh Eleven Teachers' Union Fed'n of Teachers, Local 1532, 867 F.Supp. 245, 247 (S.D.N.Y.1994) (holding defendant's "federal defense" that certain "relief granted by the state court contravened the First Amendment" failed to support federal-question jurisdiction or otherwise justify removal).

The removal statute must be construed narrowly. If that command means anything, it certainly means that a federal court should not interfere in state court

disciplinary matters simply because a defendant would prefer not to comply with certain orders issued in that action. Accordingly, Amcat's motion for remand will be granted.[1]

## V. CONCLUSION

GBD has failed to demonstrate that the exercise of subject matter jurisdiction over this action is warranted.

Therefore, it is

ORDERED that

1. Amcat's motion to remand is GRANTED; and

2. The Clerk of the Court is directed to remand the case to New York State Supreme Court, Broome County, and close the file.

IT IS SO ORDERED.

---

1. In any event, Younger abstention provides an alternate basis on which to remand this action. Cf. Jureli, LLC v. Schaefer, 53 F.Supp.3d 552, 558 (E.D.N.Y.2014) (applying Younger abstention sua sponte to remand civil enforcement proceeding to state court that "seeks to sanction the plaintiff for an allegedly wrongful act of violating a court order" and noting that the state court action would present an adequate forum in which to raise any federal constitutional claims or defenses).